## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## OCALA DIVISION

**AMANDA L. HAIR,**

    **Plaintiff,**                      Case No. 5:23-cv-00268-JSM-PRL

**v.**

**EXPERIAN INFORMATION SOLUTIONS, INC., ET. AL.,**

    **Defendants.**

_____

## PLAINTIFF'S UNOPPOSED MOTION FOR EXTENSION OF TIME TO FILE NOTICE OF MEDIATOR SELECTION AND SCHEDULING OF MEDIATION

Plaintiff, AMANDA L. HAIR ("Plaintiff"), by and through the undersigned attorney and pursuant to Federal Rule of Civil Procedure 6(b) requests a seven-day extension of time, through and including December 22, 2023, to file the Notice of Mediator Selection and Scheduling of Mediation with the Court:

1. This Court entered the Case Management and Scheduling Order on June 26, 2023. [ECF No. 19].

2. The Scheduling Order provided the parties are to select a mediator and schedule a time, date, and place for mediation by December 15, 2023. [ECF No. 19, page 1].

3. On or about December 8, 2023, the parties initially conferred and agreed to schedule the mediation with Ret. Judge Gregory P. Holder on February 13, 2024. However, during the time that the parties were conferring, February 13,

2024 became unavailable and Judge Holder did not have any remaining dates that were convenient for all parties.

4. Plaintiff then recommended another mediator which Defendant LexisNexis Risk Solutions, Inc. ("LexisNexis") opposed.

5. Defendant LexisNexis proposed scheduling mediation with mediator Christopher Griffin and advised of its availability for the mediation with Mr. Griffin.

6. Plaintiff agreed to select Mr. Griffin as the mediator and advised of her availability.

7. Defendant Experian Information Solutions, Inc. ("Experian") is currently still considering Mr. Griffin as the mediator and confirming its availability during the dates that Plaintiff and Defendant LexisNexis suggested.

8. Federal Rule (6)(b) provides that "the court may, for good cause, extend the time … with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires[.]" Good cause exists in this instance because the parties have been conferring in good faith and made efforts to schedule the mediation in a timely manner. Furthermore, no other deadlines will be affected if the Court were to grant the requested extension.

9. Accordingly, the undersigned requests a brief extension of time to allow Defendant Experian additional time to agree to the mediator selected by Plaintiff and Defendant LexisNexis and confirm its availability for mediation.

WHEREFORE, Plaintiff respectfully requests this Honorable Court enter an

Order permitting Plaintiff to file the required Notice up to and including December 22, 2023.

## CERTIFICATE OF GOOD FAITH CONFERENCE

I HEREBY CERTIFY that Plaintiff's Counsel has conferred with counsel for Defendants LexisNexis Risk Solutions, Inc. and Experian Information Solutions, Inc. on December 15, 2023 via electronic mail. Defendants have authorized me to represent that this motion is unopposed.

Dated: December 15, 2023

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on December 15, 2023, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all attorneys of record and/ or some other authorized manner for those counsel or parties, if any, who are not authorized to receive electronically Notices of Electronic Filing.

Dated December 15, 2023         *Respectfully Submitted*,

**SHARMIN & SHARMIN, P.A.**
830 North Federal Highway
Lake Worth, FL 33460
Telephone: 561-291-9109
Fax: 844-921-1022

*/s/ Kevin Rajabalee*
Kevin Rajabalee, Esq.
FBN: 119948
Email: kevin@sharminlaw.com
*Attorneys for Plaintiff*