UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**AMANDA L. HAIR,**          **CASE NO.:** 5:23-cv-268-JSM-PRL

    Plaintiff,

v.

**EXPERIAN INFORMATION SOLUTIONS, INC. and LEXISNEXIS RISK SOLUTIONS, INC.**

    Defendants.
_____/

**PLAINTIFF'S MOTION TO COMPEL COMPLETE DISCOVERY RESPONSES FROM DEFENDANTS LEXISNEXIS RISK SOLUTIONS, INC. AND EXPERIAN INFORMATION SOLUTIONS, INC.**

Plaintiff, AMANDA HAIR, under Federal Rule of Civil Procedure 37 and Local Rule 3.01g files this motion and respectfully requests the Court to enter an Order compelling Defendants LEXISNEXIS RISK SOLUTIONS, INC. ("LexisNexis") and EXPERIAN INFORMATION SOLUTIONS, INC. ("Experian") to provide complete responses to Plaintiff's Requests for Production of Documents ("RFPs" or "Requests") overruling Defendants' objections thereto, and reserving ruling for an award of Plaintiff's attorney's fees and costs for the necessity of filing this Motion to Compel. The conflict surrounding this Motion to Compel centers on the withholding of documents that Defendants will not produce until a confidentiality order is agreed to by the Parties.

1

Plaintiff has submitted a confidentiality order to both parties which has been initially agreed to by LexisNexis, objected to by Experian, and now sought to be joined by Experian. Plaintiff seeks an order compelling the production of documents that are relevant to the claims at issue, to overrule certain objections by Defendants that do not comply with the discovery standards, and forbid Defendants from proposing certain terms which violate ethical standards.

## **BACKGROUND**

1. Plaintiff has sued Defendants for violations of the Fair Credit Reporting Act, 15 U.S.C. §1681 *et seq.* ("FCRA") stemming from her being a victim of identity theft which caused her to dispute inaccurate information in her Experian and LexisNexis credit files.

2. Relatedly, Experian provides credit information to LexisNexis that is used by insurance companies when consumers apply for insurance.

3. Plaintiff's claims for damages stem from Experian and LexisNexis failing to correct inaccurate information in her credit file following several written disputes. [DE 1].

4. Both Defendants have filed their respective answers, which each state they have complied with the relevant sections of the FCRA which are performing a reasonable reinvestigation under §1681i and maintaining maximum possible accuracy under §1681e(b). [DE 20, ¶1, pgs. 21 - 25 and DE 24, pgs. 26 - 31].

5. Plaintiff served her discovery requests aimed at the FCRA claims at the early stages of litigation, which after granting extensions, responses were due and

served on September 1, 2023 by LexisNexis and on September 11, 2023 by Experian. *See* Exhibits "1" and "2."

6. Relatedly, Plaintiff and LexisNexis exchanged a proposed protective order in early September 2023, which Plaintiff mistakenly thought had to be entered on the docket. *See* Exhibit "3."

7. On October 17, 2023, Plaintiff asked if Experian could be added to the Confidentiality Agreement, to which LexisNexis agreed. *Id.*

8. On October 30, 2023, Experian provided revisions to the Confidentiality Agreement, to which Plaintiff provided further redlines on November 7, 2023.

9. On December 4, 2023, Plaintiff emailed counsel for each Defendant requesting a response to the latest changes of the Confidentiality Agreement by week's end, or if not a motion to compel would have to be filed given that discovery closes on February 2, 2023.[1]

10. On December 7, 2023, LexisNexis agreed to Plaintiff's proposed revisions from November 7, 2023.

11. Plaintiff has served deposition notices for Defendants' corporate representatives scheduled for January 2024 and needs the documents that would be covered by a Confidentiality Agreement in order to prepare and effectively depose each Defendant.

---

[1] This deadline for the parties to complete discovery was later extended to April 5, 2024 (DE 37).

3

12. Initially, LexisNexis agreed to the confidentiality agreement with Plaintiff, but then sought to adopt more restrictive provisions which Experian requested in subsequent emails beginning December 15, 2023 to present date. *See* Exhibit 3.

13. Plaintiff stated that one of Experian's proposals could not be agreed to because it would be in violation of certain Rules Regulating the Florida Bar: 4-1.9 and 4-5.6(b). These specific rules forbid counsel from entering into agreements that would prevent the use of information obtained through the current litigation in future cases against the same parties because such an agreement would either be a restriction on the attorney's right to practice. *See* Exhibit "4."

14. On December 20, 2023, Plaintiff emailed all counsel of record for the Defendants and attached a draft motion to compel with all exhibits that would be filed. *See* Exhibit "5."

15. In response, a video conference was scheduled for December 22, 2023 where the parties discussed the perceived deficiencies in the discovery responses and the concerns over the Confidentiality Agreement.

16. Counsel for LexisNexis agreed to amend its discovery responses that did not conform with this district's standards and stated it would begin producing non-confidential documents, which it began producing on December 28, 2023.

17. LexisNexis has agreed to a deposition of its corporate representative on January 16, 2024.

18. Ultimately, respective counsel agreed that the discovery period should be extended by an agreed motion to be submitted by Experian; the agreed motion was filed shortly after the conference by Experian [DE 35].

19. The remaining issues of the Confidentiality Agreement were the conflicts with the Florida Bar Rules and the need for a notice provision in the destruction protocol so the receiving party can certify the confidential documents have been destroyed.

20. It was agreed upon that LexisNexis would provide a draft Confidentiality Agreement by January 3rd or 4th of 2024 based on these remaining concerns.

21. Since no draft was received, on January 4, 2024, Counsel for Plaintiff emailed all parties with the latest version of the Confidentiality Agreement which encompasses the concerns over the Florida Bar Rules and the destruction protocol.

22. On January 8, 2024, Counsel for Experian responded regarding deposition dates but also stated the Confidentiality Agreement still needs to be agreed upon before documents can be produced before a deposition.

23. Plaintiff called counsel for Experian shortly after receiving the email and stated the confidential documents were still needed and should be produced because LexisNexis has already begun complying and Experian should follow.

24. Experian's counsel stated he was awaiting the draft version from LexisNexis, to which Plaintiff replied one was already provided and further delays could not be tolerated. Counsel for Experian stated he believed a simple follow-up

email could resolve the dispute, and Plaintiff requested Experian to contact LexisNexis.

25. After speaking with Experian, Plaintiff called counsel for LexisNexis, but counsel was unavailable. Plaintiff left counsel for LexisNexis a message stating that the delay in the Confidentiality Agreement would require Plaintiff to file a Motion to Compel by no later than January 9, 2024.

26. Plaintiff now brings this dispute before the Court in an abundance of caution because any continued delay in producing documents which are covered by the protective order would prejudice Plaintiff's ability to prosecute her claim in a timely manner.

## RELEVANT LEGAL STANDARDS FOR DISCOVERY

Federal Rule of Civil Procedure 26(b)(1) allows parties to obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense. "The discovery process is designed to fully inform the parties of the relevant facts involved in their case." *U.S. v. Pepper's Steel & Alloys, Inc.*, 132 F.R.D. 695, 698 (S.D. Fla. 1990) (citing *Hickman v. Taylor*, 329 U.S. 495, 501 (1947)). "The overall purpose of discovery under the Federal Rules is to require the disclosure of all relevant information so that the ultimate resolution of disputed issues in any civil action may be based on a full and accurate understanding of the true facts, and therefore embody a fair and just result." *Oliver v. City of Orlando*, No. 6:06-cv-1671-Orl-31DAB, 2007 WL 3232227, at * 1 (M.D. Fla. Oct. 31, 2007) (citing *United States v. Proctor & Gamble Co.*, 356 U.S. 677, 682 (1958)).

Discovery is intended to operate with minimal judicial supervision unless a dispute arises and one of the parties files a motion requiring judicial intervention. *S.L. Sakansky & Assoc., Inc. v. Allied Am. Adjusting Co. of Florida, LLC*, No. 3:05-cv-708-J-32MCR, 2007 WL 2010860, at *1 (M.D. Fla. Jul. 6, 2007).

"A district court has broad discretion to prevent or limit the disclosure of confidential trade secrets. FED. R. CIV. P. 26(c)(7). Nonetheless, entry of a protective order does not depend on a legal privilege. Farnsworth, 758 F.2d at 1548. A party requesting a protective order has the burden of demonstrating good cause, and must make "a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements" in order to obtain entry of the protective order. *U.S. v. Garrett*, 571 F.2d 1323, 1326 n. 3 (5th Cir. 1978)." *Id.*

Defendants demonstrate such good cause, but Plaintiff has need for the documents requested because they are relevant to the claims alleged FCRA.

### I. **General Objections**

LexisNexis' responses to the Requests are prefaced with General Objections. *See* Exhibit "1." "As the court observed in Liguria Foods, Inc. v. Griffith Laboratories, Inc., No. C 14-3041-MWB, 2017 U.S. Dist. LEXIS 35370, at *32 (N.D. Iowa Mar. 13, 2017), " '[t]he key requirement in both Rules 33 and 34 is that objections require 'specificity.' " So-called "'generalized objections are inadequate and tantamount to not making any objection at all.' " Id. at *36 (quoting Jarvey,

7

Boilerplate Discovery Objections, 61 Drake L. Rev. 913, 916 (2013)). General objections fall into the category of one size fits all, boilerplate objections.

> The problems with using boilerplate objections, however, run deeper than their form or phrasing. Their use obstructs the discovery process, violates numerous rules of civil procedure and ethics, and imposes costs on litigants that frustrate the timely and just resolution of cases.

*See Polycarpe v. Seterus,* Case No.: 6:16-cv-01606-RBD-TBS at *3 (M.D. Fla. May 23, 2017). It is Plaintiff's position that the General Objections are due to be stricken and should be removed. It is Plaintiff's understanding that LexisNexis has agreed to remove these objections but has yet to do so.

**II.    Formulaic Objections Followed by an Answer**

    **a.**    LexisNexis responses to Requests numbered 1 – 5 and 7 – 29 all include the phrase "subject to and without waving the foregoing objections, LNRS responds as follows . . ." These responses should be stricken as such responses preserve nothing and wastes the time and resources of the parties and the court. *See Id.* at *8. It is Plaintiff's understanding that LexisNexis has agreed to remove these objections but has yet to do so.

    **b.**    Experian's answers to Requests numbered 1 – 6, 8, 10 – 16 and 20 are also prefaced with nearly identical formulaic objections followed by an answer and should also be stricken.

Experian's objections must be overruled, and Defendants should be compelled to answer the Requests in their entirety.

## III. Boilerplate Objections Based Upon Vague, Overly Broad, Unduly Burdensome And/Or Not Proportional To Case Needs

a. LexisNexis' responses to Requests numbered 1, 15, and 16 make objections based on being vague and ambiguous without explanation as to why. "Objections which state that a discovery request is 'vague, overly broad, or unduly burdensome' are, by themselves, meaningless, and are deemed without merit …." *Siddiq v. Saudi Arabian Airlines Corp.*, No. 6:11–cv–69–Orl–19GJK, 2011 WL 6936485, at *3 (M.D. Fla. Dec. 7, 2011) (quoting *Milinazzo v. State Farm Ins. Co.*, 247 F.R.D. 691, 695 (S.D. Fla. 2007)). Courts routinely reject boilerplate objections. *See Gonzalez v. ETourand Travel, Inc.*, No. 6:13-cv-827-Orl-36TBS, 2014 WL 1250034, at *4 (M.D. Fla. Mar. 26, 2014); *Chambers v. Sygma Network, Inc.*, No. 6:12–cv–1802–Orl–37TBS, 2013 WL 1775046, at *3 (M.D. Fla. Apr.25, 2013); *Mendez v. Land Investors, Corp.*, No, 2:12–cv– 158–FtM–29S PC, 2012 WL 6012906, at *1 (M.D. Fla. Dec.3, 2012); *Arthrex, Inc. v. Parcus Med., LLC*, No. 2:11–cv–694–FtM–29SPC, 2012 WL 5382050, at *3 (M.D. Fla. Nov.1, 2012). It is Plaintiff's understanding that LexisNexis has agreed to remove these objections but has yet to do so.

LexisNexis' responses to Requests numbered 17 and 26 – 29 state such Requests are "unduly burdensome and not proportional to the needs of this case" without any explanation as to why such documents are disproportionate. However, "[p]roportionality requires counsel and the court to consider whether relevant information is discoverable in view of the needs of the case. In making this

determination, the court is guided by the non-exclusive list of factors in Rule 26(b)(1). *Graham & Co., LLC v. Liberty Mut. Fire Ins. Co.,* No. 2:14-cv-2148-JHH, 2016 WL 1319697, at *3 (N.D. Ala. April 5, 2016). 'Any application of the proportionality factors must start with the actual claims and defenses in the case, and a consideration of how and to what degree the requested discovery bears on those claims and defenses.' *Id.*" The relevant Requests focus on consumer reports furnished to third parties (Request 17), allocation of resources for compliance with §1681i (Request 26), and business practices to ensure the accuracy or integrity of information maintained in consumer reports (Request 27 - 29). As a result, the objections are subject to being overruled. *See Polycarpe* at *7.

It is Plaintiff's understanding that LexisNexis has agreed to remove these objections but has yet to do so.

### IV. <u>**Objections Based Upon Privilege**</u>

LexisNexis' responses to Request numbered 27 – 29 all object to the Requests based on attorney-client or attorney work product privilege "with little or no elaboration." *See Polycarpe* at *7. Therefore, such boilerplate objections should be overruled.

### V. <u>**Objections Based On Protections Of Being Proprietary And/Or Confidential**</u>

a. LexisNexis' responses to Requests 13, 14, 17 - 23, 25 - 29 all assert an objection based upon Requests that are "confidential or proprietary business or trade

secret information." The requests are tailored to the claims at issue because they relate to damages aimed at:

i. Plaintiff's attempts to get insurance (Requests 13 and 14);

ii. consumer reports furnished to third parties and related policies (Request 17 and 22);

iii. procedures for reporting accurate identifying information (Request 18);

iv. documents related to investigations of disputed credit information (Request 19, 21, and 25);

v. compliance procedures for the blocking information that is the result of Identity theft (Requests 20);

vi. agreements with third-parties accessing information related to Plaintiff (Request 23);

vii. Allocation of resources for compliance with §1681i (Request 26); and

viii. business practices to ensure the accuracy or integrity of information maintained in consumer reports (Request 27 - 29).

"Relevancy" under Rule 26(b)(1) is "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978) (citation omitted). In addition, federal courts superimpose "a balancing of interests approach for Rule 26's good cause requirement," whereby the court balances one party's interest in accessing data against the other's keeping of the information confidential. Chicago Tribune Co. v. Bridgestone/Firestone, Inc., 263 F.3d 1304, 1313 (11th Cir. 2001) (citing Farnsowrth, 758 F.2d at 1547). Thus, ordinarily, discovery based on relevance should be allowed

> "unless it is clear that the information sought has no possible bearing on the claims and defenses of the parties or otherwise on the subject matter of the action." Tate v. United States Postal Serv., No. 04-61509, 2007 W.L. 521848, at *1 (S.D. Fla. Feb. 14, 2007) (citing Dunkin Donuts, Inc. v. Mary's Donuts, Inc., No. 01-0392, 2001 WL 34079319 (S.D. Fla. No. 1, 2001)).

*Rosenbaum v. Becker Poliakoff, P.A.*, 708 F. Supp. 2d 1304, 1306 (S.D. Fla. 2010).

LexisNexis agreed to a confidentiality order, therefore, the concerns of disclosing confidential or proprietary information can be relieved. However, Plaintiff has a need for the information that is relevant to her claims and LexisNexis' defenses. "A district court has broad discretion to prevent or limit the disclosure of confidential trade secrets. FED. R. CIV. P. 26(c)(7). Nonetheless, entry of a protective order does not depend on a legal privilege. *Farnsworth*, 758 F.2d at 1548. A party requesting a protective order has the burden of demonstrating good cause, and must make "a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements" in order to obtain entry of the protective order. *U.S. v. Garrett*, 571 F.2d 1323, 1326 n. 3 (5th Cir. 1978)." *Id.*

It is Plaintiff's understanding that LexisNexis has agreed to remove these objections because it has begun producing such documents but has yet to amend these responses.

b.  Experian's responses to Requests numbered 1 – 8, 10 – 16, 20 – 28, 30, 31, and 34 state Experian is objecting based on "confidential, proprietary business or trade secret information." *See* Exhibit "3." These requests are

nonetheless relevant because each one of them is aimed at the claims under 15 U.S.C. §§1681i and e(b) or bear on Experian's affirmative defenses [DE 24 pgs. 26 – 31].

Plaintiff is trying to relieve Defendants of the burdens associated with showing good cause for each document claimed as confidential or proprietary, but Plaintiff has a need for these documents because they are relevant to her FCRA claims. Any further delay could prejudice Plaintiff's prosecution of her case and cannot be endured any longer.

**WHEREFORE,** Plaintiff, AMANDA HAIR, respectfully requests that this Motion be granted, that this Court enter an Order compelling Defendants LexisNexis and Experian to respond to Plaintiff's Requests outlined as being deficient in response, and such other and further relief as this Court deems just and appropriate.

## Local Rule 3.01g CERTIFICATION

The undersigned counsel hereby certifies that he conferred with Counsel for Defendants regarding the relief sought in this Motion who initially agreed to the relief sought regarding the Confidentiality Order but are opposed to Plaintiff filing this Motion to have the dispute resolved. Plaintiff conferred with Defendants either collectively or individually on December 20, 2023 via email, on December 22, 2023 via video conference, January 4, 2024 via email, with Experian over the phone on January 8, 2024, via phone with LexisNexis on January 8, 2024 by leaving a voice message, and on January 8, 2024 via email to both Defendants.

Dated: January 9, 2024                *Respectfully submitted*,

By: /s/ *Kevin Rajabalee*
Kevin Rajabalee, Esq.
FBN: 119948
**SHARMIN & SHARMIN, P.A.**
830 North Federal Highway
Lake Worth, FL 33460
Telephone: 561-655-3925
Fax: (844) 921-1022
Direct: 561-296-9109
Email: kevin@sharminlaw.com
*Counsel for Plaintiff*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on January 9, 2024 I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF which will electronically notify all parties of record.

***/s/ Kevin Rajabalee***
Kevin Rajabalee, Esq.
FBN: 119948
