# Exhibit 1

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

AMANDA L. HAIR,   CASE NO. 5:23-cv-00268-JSM-PRL

    Plaintiff,
vs.

EXPERIAN INFORMATION
SOLUTIONS, INC., et al.,

    Defendants.
_____/

**DEFENDANT LEXISNEXIS RISK SOLUTIONS INC.'S RESPONSE TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION**

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendant LexisNexis Risk Solutions Inc. ("LNRS") responds to Plaintiff Amanda L. Hair's ("Plaintiff") First Set of Requests for Production as follows:

**PRELIMINARY STATEMENT**

1.    LNRS's investigation and development of all facts and circumstances relating to this action is ongoing. LNRS expressly reserves the right to supplement, clarify, revise, or correct any or all of the objections and responses herein, and to assert additional objections or privileges, in one or more subsequent supplemental response(s).

1

2. Said objections and responses are given without prejudice to producing at the time of trial subsequently discovered information or to providing information omitted from said answers due to good faith oversight.

3. By making the accompanying objections and responses to Plaintiff's requests for production, LNRS does not waive, and hereby expressly reserves, its right to assert any and all objections as to the admissibility of such responses into evidence in this action, or in any other proceedings, on any and all grounds including, but not limited to, competency, relevancy, materiality, and privilege. Further, LNRS makes the objections and responses herein without in any way implying that it considers the requests or responses thereto to be relevant or material to the subject matter of this action.

## **GENERAL OBJECTIONS**

The following general objections apply to every request for production propounded by Plaintiff and are incorporated into each response by reference as if fully set forth therein:

1. LNRS objects to each instruction, definition, and request to the extent that it purports to impose any requirement or discovery obligation greater than or different from those under the Federal Rules of Civil Procedure and the applicable Rules and Orders of the Court.

2. LNRS objects to each request to the extent that it is overly broad, unduly burdensome, or not reasonably calculated to lead to the discovery of admissible evidence.

3. LNRS objects to the requests and their accompanying definitions and instructions to the extent that they seek information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, the common-interest privilege, the rules of professional conduct, or any other applicable attorney privilege or protection. Any inadvertent disclosure of privileged or protected information is not a knowing or voluntary waiver of said privilege or protection.

**OBJECTIONS TO DEFINITIONS**

1. LNRS objects to Plaintiff's definition of "You" as overbroad. LNRS shall construe "You" to refer only to LexisNexis Risk Solutions Inc. and its employees.

2. LNRS objects to Plaintiff's definition of "Audit Trail" as incomprehensible, as it refers to a definition contained in a 30-year-old letter that was not attached to the discovery requests, and that is not readily available. LNRS further objects that it does not prepare "credit reports" or "credit profiles."

3. LNRS objects to Plaintiff's definition of "Audit Trail" as incomprehensible, as it refers to a definition contained in a 30 year old letter that was not attached to the discovery requests, and that is not readily available. LNRS

3

further objects that it does not prepare "credit reports" or "credit profiles." Subject to the foregoing objections, LNRS responds as follows:

### LEXISNEXIS RISK'S RESPONSES TO
### PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION

1. All consumer reports, credit reports, consumer disclosures, updates or other compilation of information in Plaintiff's "file," both presently and in the past, including any historical or archived documents where any of the disputed tradelines appear.

**RESPONSE**: LNRS incorporates its "General Objections." LNRS further objects that the phrase "disputed tradelines" is vague, ambiguous, and unintelligible as it pertains to LNRS. LNRS does not assemble any "tradeline" data. LNRS further objects that this Request is not limited to the scope of Plaintiff's claims against LNRS as alleged in the Complaint. Subject to and without waiving the foregoing objections, and taking the request to relate to reports in which information disputed by Plaintiff appeared, LNRS responds as follows: LNRS will produce all file disclosures regarding the Plaintiff and any associated historical consumer reports associated with such file disclosures.

2. All records of communications between Plaintiff and LexisNexis, including all documents, records of telephonic communications, logbooks, or other records.

**RESPONSE:** LNRS incorporates its "General Objections." LNRS further objects that this Request is not limited to the scope of Plaintiff's claims against LNRS as alleged in the Complaint. Subject to and without waiving the foregoing objections, LNRS responds as follows: Subject to the entry of a confidentiality order, LNRS will produce records of its communications with Plaintiff, during which Plaintiff sought file disclosures and lodged disputes with LNRS.

3. All records of communications and information sent between You and Olympus regarding Plaintiff, from June 1, 2022 to the present date.

**RESPONSE:** LNRS incorporates its "General Objections. Subject to and without waiving the foregoing objections, and subject to the entry of a confidentiality order,

LNRS will produce any historical consumer reports it provided to Olympus that are associated with retained file disclosures.

4. All records of communications and information sent between You and American Strategic Insurance regarding Plaintiff from June 1, 2022 to present.

**RESPONSE:** LNRS incorporates its "General Objections." Subject to and without waiving the foregoing objections, and subject to the entry of a confidentiality order, LNRS will produce any historical consumer reports it provided to American Strategic Insurance that are associated with retained file disclosures.

5. All records of communications and information sent between You and Tower Hill Insurance regarding Plaintiff from June 1, 2022 to present.

**RESPONSE:** LNRS incorporates its "General Objections." Subject to and without waiving the foregoing objections, and subject to the entry of a confidentiality order, LNRS will produce any historical consumer reports it provided to Tower Hill Insurance that are associated with retained file disclosures.

6. All audit trails, as maintained by You or in Your possession, concerning Plaintiff from January 1, 2022 to present.

**RESPONSE:** LNRS incorporates its "General Objections" and its objection to Plaintiff's definition of "audit trails. LNRS will not produce documents in response to this Request.

7. All documents containing the current names, addresses and telephone numbers of persons who communicated with Plaintiff, worked on any aspect of Plaintiff's disputes, or altered any information in Plaintiff's file. Defendant may produce a list of witnesses with names, addresses and telephone numbers in lieu of the documents requested.

**RESPONSE:** LNRS incorporates its "General Objections." LNRS objects to this Request to the extent it infringes on the privacy rights of third parties. Subject to and without waiving the foregoing objections, LNRS responds with the following list of individuals, who may only be contacted through the undersigned counsel: Allie Anderson, Jamie Poole, Keyshaun Williams, Alexander Anderson, Rikkia Fountleroy, Roselyn Chavez, Saeng Vilachit, Brooke Page, Resheena Ball,

5

Khaikham Soukphavanh, Kimberly Pirecki, Wendy White, Rodney Campbell, Harry McLoud, and Clarissa Lyons.

8. All documents relating to any reinvestigation of any information in Plaintiff's file, including but not limited to any CDV's, ACDV's, responses, notes, screens, logs, internal memoranda, correspondence or supporting documentation.

**RESPONSE:** LNRS incorporates its "General Objections." Subject to and without waiving the foregoing objections, and subject to the entry of a confidentiality order, LNRS will produce its records relating to Plaintiff's disputes with LNRS.

9. A complete copy of any communications – including but not limited to any supporting documentation, specific requests for information, UDF's, AUD's, instructions, notes, screens, logs, policies, or legal requirements – relating to Plaintiff, Plaintiff's file or any reinvestigation of any information contained in Plaintiff's file.

**RESPONSE:** LNRS incorporates its "General Objections." LNRS objects that this Request is duplicative of Request No. 8. Subject to and without waiving the foregoing objections, and subject to the entry of a confidentiality order, LNRS will produce its records relating to Plaintiff's disputes with LNRS.

10. All notices given, after reinvestigation, to furnishers of information disputed by Plaintiff that the information was modified or deleted.

**RESPONSE:** LNRS incorporates its "General Objections." LNRS objects that this Request is duplicative of Request Nos. 8 and 9. Subject to and without waiving the foregoing objections, and subject to the entry of a confidentiality order, LNRS will produce its records relating to Plaintiff's disputes with LNRS.

11. All other documents prepared, sent or received by LEXISNEXIS RISK SOLUTIONS, INC. in the course of conducting the reinvestigations regarding Plaintiff and referred to in the Complaint.

**RESPONSE:** LNRS incorporates its "General Objections." LNRS objects that this Request is duplicative of Request Nos. 8-10. Subject to and without waiving the foregoing objections, and subject to the entry of a confidentiality order, LNRS will produce its records relating to Plaintiff's disputes with LNRS.

12. All computerized data relating to Plaintiff or any reinvestigation regarding Plaintiff.

**RESPONSE:** LNRS incorporates its "General Objections." LNRS objects that this Request is duplicative of Request Nos. 8-11. Subject to and without waiving the foregoing objections, and subject to the entry of a confidentiality order, LNRS will produce its records relating to Plaintiff's disputes with LNRS.

13. All documents that would evidence, demonstrate, or explain how Plaintiff's insurance score was calculated to be 651 in connection with the Tower Hill Insurance inquiry in July 2022.

**RESPONSE:** LNRS incorporates its "General Objections." LNRS objects to this Request on the grounds that it calls for confidential or proprietary business or trade secret information. Subject to and without waiving the foregoing objections, LNRS responds as follows: LNRS will not produce documents responsive to this Request. LNRS is willing to meet and confer with Plaintiff regarding another means of providing information on this subject.

14. All documents containing sources of information that were used in calculating Plaintiff's insurance score of 651 sent to Tower Hill Insurance on or about July 1, 2022.

**RESPONSE:** LNRS incorporates its "General Objections." LNRS objects to this Request on the grounds that it calls for confidential or proprietary business or trade secret information. LNRS further objects that this Request is duplicative of Request No. 13. Subject to and without waiving the foregoing objections, LNRS responds as follows: LNRS will produce the NCF report showing the data relied on in providing information to Tower Hill Insurance.

15. All records of information received from public record vendors relating to Plaintiff.

**RESPONSE:** LNRS incorporates its "General Objections." LNRS objects that the phrase "public records vendors" is vague and ambiguous. Subject to and without waiving the foregoing objections, and taking "public records vendors" to refer to suppliers of data regarding court judgments, liens and/or bankruptcies, LNRS responds as follows: LNRS has no documents responsive to this Request.

16.     All agreements with any third party who provides ACDV dispute operators to complete the reinvestigation requirements for Plaintiff's disputes.

**RESPONSE:** LNRS incorporates its "General Objections." LNRS further objects that the phrase "ACDV dispute operators" is vague and ambiguous. Subject to and without waiving the foregoing objections, LNRS responds as follows: LNRS has no documents responsive to this Request.

17.     All records of furnishing, printing, or selling any consumer report, data, or score relating to Plaintiff within the past five years, including the information that was furnished, the date the information was furnished, the name and address of the party who received the information, the price paid, and all invoices or billing records.

**RESPONSE:** LNRS incorporates its "General Objections." LNRS objects to this Request to the extent it calls for confidential or proprietary business or trade secret information. LNRS further objects that this Request infringes on the privacy rights of third parties. LNRS further objects that this Request is overbroad as to time, not relevant, and not limited to the scope of Plaintiff's claims against LNRS as alleged in the Complaint. LNRS further objects that this Request is unduly burdensome and not proportional to the needs of the case. Subject to and without waiving the foregoing objections, LNRS responds as follows: LNRS will not produce documents in response to this Request. LNRS is willing to meet and confer with Plaintiff regarding an alternative means of providing information about customers to whom certain reports about Plaintiff may have been sold.

18.     All documents relating to procedures for reporting accurate identifying information.

**RESPONSE:** LNRS incorporates its "General Objections." LNRS objects to this Request to the extent it calls for confidential or proprietary business or trade secret information. Subject to and without waiving the foregoing objections, and subject to entry of a confidentiality order, LNRS responds as follows: LNRS will produce its data accuracy policy.

19.     All documents relating to procedures to assure that items disputed by a consumer, which are deleted or corrected, as inaccurate or unverifiable, do not subsequently appear on that consumer's credit reports.

**RESPONSE:** LNRS incorporates its "General Objections." LNRS objects to this Request to the extent it calls for confidential or proprietary business or trade secret information. LNRS further objects that this Request is not reasonably likely to lead to the discovery of admissible evidence, as it is overbroad, not relevant, and not limited to the scope of Plaintiff's claims against LNRS as alleged in the Complaint. LNRS further objects that this Request is not proportionate to the needs of the case, as Plaintiff has not put forth any allegations regarding the reinsertion of deleted information in her consumer file. Subject to and without waiving the foregoing objections, LNRS responds as follows: LNRS will not produce documents responsive to this Request.

20. All documents relating to procedures to assure compliance with 15 U.S.C. § 1681c-2.

**RESPONSE:** LNRS incorporates its "General Objections." LNRS objects to this Request on the grounds that it calls for a legal conclusion. LNRS further objects to the extent this Request calls for confidential or proprietary business or trade secret information. LNRS further objects that this Request is overbroad and outside the scope of Plaintiff's claims against LNRS as alleged in the Complaint. Subject to and without waiving the foregoing objections, LNRS responds as follows: subject to the entry of a protective order, LNRS will produce its procedures for responding to identity theft notifications.

21. All documents relating to procedures to assure compliance with 15 U.S.C. § 1681i.

**RESPONSE:** LNRS incorporates its "General Objections." LNRS objects to this Request on the grounds that it calls for a legal conclusion. LNRS further objects to the extent this Request calls for confidential or proprietary business or trade secret information. LNRS further objects that this Request is overbroad and outside the scope of Plaintiff's claims against LNRS as alleged in the Complaint. Subject to and without waiving the foregoing objections and subject to entry of a confidentiality order, LNRS responds as follows: LNRS will produce its policy for handling consumer disputes.

22. All documents relating to procedures to assure compliance with 15 U.S.C. § 1681e(b).

**RESPONSE:** LNRS incorporates its "General Objections." LNRS objects to this Request on the grounds that it calls for a legal conclusion. LNRS objects that this

Request is duplicative of Request No. 18. LNRS further objects to the extent this Request calls for confidential or proprietary business or trade secret information. LNRS further objects that this Request is overbroad and outside the scope of Plaintiff's claims against LNRS as alleged in the Complaint. Subject to and without waiving the foregoing objections, LNRS responds as follows: subject to the entry of a protective order, LNRS will produce its data accuracy policy.

23. All agreements under which any third-party reported information or accessed information relating to Plaintiff.

**RESPONSE:** LNRS incorporates its "General Objections." LNRS objects to this Request on the grounds that it calls for confidential or proprietary business or trade secret information. LNRS further objects that this Request infringes on the privacy rights of third parties. LNRS further objects that this Request is overbroad, irrelevant, and exceeds the scope of Plaintiff's claims against LNRS as alleged in the Complaint. As written, this Request calls for information pertaining to almost every contract LNRS has entered into, including contracts under which vendors supplied information that Plaintiff does not dispute. Subject to and without waiving the foregoing objections, LNRS responds as follows: LNRS will not produce documents responsive to this Request.

24. All manuals or documents provided to furnishers of credit information, describing their contractual or statutory duties relating to the reinvestigation of inaccurate or incomplete information.

**RESPONSE:** LNRS incorporates its "General Objections." LNRS objects that the Request is based on a false premise: LNRS does not assemble "credit information" from "furnishers." In its NCF product, LNRS resells credit report data assembled by another consumer reporting agency. Subject to and without waiving the foregoing objections, LNRS responds as follows: LNRS has no documents responsive to this Request.

25. All manuals, tests, video tapes, books or other documents pertaining to the training and supervision of Defendant's employees or agents as to compliance with the Fair Credit Reporting Act, including 15 U.S.C. § 1681i.

**RESPONSE:** LNRS incorporates its "General Objections." LNRS objects to this Request on the grounds that it calls for a legal conclusion. LNRS further objects to the extent this Request calls for confidential or proprietary business or trade secret

information.  Subject to and without waiving the foregoing objections and subject to the entry of a confidentiality order, LNRS responds as follows:  LNRS will produce training materials regarding handling consumer disputes.

26. All budgets or projects prepared within the preceding five years, allocating resources or expenditures to the conducting of reinvestigation under 15 U.S.C. § 1681i.

**RESPONSE:**  LNRS incorporates its "General Objections."  LNRS further objects to the extent this Request calls for confidential or proprietary business or trade secret information.  LNRS further objects that this Request is not reasonably likely to lead to the discovery of admissible evidence, as it is overbroad, irrelevant, and completely outside the scope of Plaintiff's claims against LNRS as alleged in the Complaint.  LNRS further objects that this Request is unduly burdensome and not proportional to the needs of the case.  Subject to and without waiving the foregoing objections, LNRS responds as follows: LNRS will not produce documents responsive to this Request.

27. All studies and reports on the accuracy of information in LEXISNEXIS RISK SOLUTIONS, INC.'s consumer reports or consumer reports as it pertains to information disputed as resulting from identity theft.

**RESPONSE:**  LNRS incorporates its "General Objections."  LNRS further objects that the Request is unintelligible.  LNRS objects to the extent this Request calls for confidential or proprietary business or trade secret information.  LNRS further objects that the Request may call for production of documents protected by the attorney-client or attorney work product privileges.  LNRS further objects that this Request is not reasonably likely to lead to the discovery of admissible evidence, as it is overbroad, irrelevant, and outside the scope of Plaintiff's claims against LNRS as alleged in the Complaint.  LNRS further objects that this Request is unduly burdensome and not proportional to the needs of the case.  Subject to and without waiving the foregoing objections, LNRS responds as follows: LNRS will not produce documents responsive to this Request.

28. All studies and reports on the accuracy of information in LEXISNEXIS RISK SOLUTIONS, INC.'s consumer reports or consumer reports as it pertains to information disputed as inaccurate, other than identity theft.

**RESPONSE:**  LNRS incorporates its "General Objections."  LNRS further objects that the Request is unintelligible.  LNRS objects to the extent this Request calls for

11

confidential or proprietary business or trade secret information. LNRS further objects that the Request may call for production of documents protected by the attorney-client or attorney work product privileges. LNRS further objects that this Request is not reasonably likely to lead to the discovery of admissible evidence, as it is overbroad, irrelevant, and outside the scope of Plaintiff's claims against LNRS as alleged in the Complaint. LNRS further objects that this Request is unduly burdensome and not proportional to the needs of the case. Subject to and without waiving the foregoing objections, LNRS responds as follows: LNRS will not produce documents responsive to this Request.

29. All studies and reports on the accuracy of LEXISNEXIS RISK SOLUTIONS, INC.'s insurance scores provided to third parties in connection with insurance underwriting.

**RESPONSE:** LNRS incorporates its "General Objections." LNRS further objects that the phrase "accuracy of . . . insurance scores" is unintelligible. LNRS objects to the extent this Request calls for confidential or proprietary business or trade secret information. LNRS further objects that the Request may call for production of documents protected by the attorney-client or attorney work product privileges. LNRS further objects that this Request is not reasonably likely to lead to the discovery of admissible evidence, as it is overbroad, irrelevant, and outside the scope of Plaintiff's claims against LNRS as alleged in the Complaint. LNRS further objects that this Request is unduly burdensome and not proportional to the needs of the case. Subject to and without waiving the foregoing objections, LNRS responds as follows: LNRS will not produce documents responsive to this Request.

Date: September 1, 2023

                                        **SHUTTS & BOWEN LLP**
                                        4301 W. Boy Scout Blvd., Suite 300
                                        Tampa, FL  33607
                                        Tel:  (813) 229-8900
                                        Fax:  (813) 229-8901

                              By: */s/ Eric S. Adams*
                                        Eric S. Adams
                                        Florida Bar No. 0090476
                                        *eadams@shutts.com*
                                        *ldeleary@shutts.com*
                                        S. Elizabeth King

>Florida Bar No. 122031
>eking@shutts.com
>doneal@shutts.com
>*Attorneys for Defendant, LexisNexis Risk Solutions, Inc.*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the foregoing has been provided by: ☐ First Class U.S. Mail Postage Prepaid; ☐ Facsimile; ☐ Hand Delivery; ☒ Electronic Mail; and/or ☐ Electronic Filing on September 1, 2023 to:

Kevin Rajabalee, Esq.
Eiman Sharmin, Esq.
Sharmin & Sharmin, P.A.
830 North Federal Highway
Lake Worth, FL 33460
kevin@sharminlaw.com
eiman@sharminlaw.com

*Attorneys for Plaintiff*

>/s/ Eric S. Adams
>ERIC S. ADAMS