# Exhibit 2

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

AMANDA L. HAIR,

      Plaintiff,

v.                                                                 Case No.: 5:23-cv-268-JSM-PRL

EXPERIAN INFORMATION
SOLUTIONS, INC. and LEXISNEXIS
RISK SOLUTIONS, INC.,

      Defendants.

_____/

**DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.'S**
**RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS**
**FOR PRODUCTION OF DOCUMENTS**

Pursuant to Federal Rule of Civil Procedure 34, Defendant Experian

Information Solutions, Inc. ("Experian") hereby provides these responses to

Plaintiff Amanda L. Hair's ("Plaintiff") First Set of Requests for Production of

Documents (the "Requests") and states as follows:

**PRELIMINARY STATEMENT**

Although Experian has made a diligent and good faith effort to gather the

documents with which to respond to Plaintiff's Requests, discovery in this matter

is ongoing. Moreover, Experian has not yet completed its investigation of this

matter. For those reasons, Experian's responses may be incomplete. Accordingly,

all of the following responses are given without prejudice to and with the express

reservation of Experian's right to supplement or modify its objections and

responses to the extent required by applicable law to incorporate later discovered information, and to rely upon any and all such information and documents at trial or otherwise. Likewise, Experian shall not be prejudiced if any of its present objections and responses are based on an incomplete knowledge or comprehension of the facts, events, or occurrences involved in this matter.

Experian also responds to Plaintiff's Requests based upon its best, good faith understanding and interpretation of each item of information sought. Accordingly, if Plaintiff subsequently asserts a different interpretation than presently understood by Experian, Experian reserves the right to supplement or amend these objections and responses.

Finally, Experian's responses herein do not constitute admissions or acknowledgments that the documents sought are within the proper scope of discovery. Nor shall a statement that documents will be produced constitute an admission that such documents in fact exist. Instead, it only shall mean that, if responsive documents exist and survive the specific objections, they will be produced. Likewise, an objection to producing documents does not mean that documents otherwise responsive to a particular demand in fact exist.

*[Intentionally Left Blank]*

## RESPONSES TO REQUESTS FOR PRODUCTION

**REQUEST #1:** All consumer reports, credit reports, consumer disclosures, updates or other compilation of information in Plaintiff's "file," both presently and in the past, including any historical or archived documents where any of the disputed tradelines appear.

**RESPONSE:** Experian objects to this Request to the extent Plaintiff seeks documents and information beyond the applicable two-year statute of limitations. *See* 15 U.S.C. § 1681p. However, Experian interprets this Request to be limited to the two years prior to the filing of this action on or around April 27, 2023. Additionally, Experian objects to this Request to the extent it seeks documents or communications, if any, between Plaintiff and Experian generated after the filing of this action.

Experian objects to this Request on grounds of relevance and proportionality to the extent it seeks "all" consumer reports, credit reports, consumer disclosures, updates, or other compilation of information in Plaintiff's "file" that are not related or relevant to the issues and material facts in this action. *See, e.g.*, *Tuna Family Mgmt v. All Tr. Mgmt. Inc.*, No. 20-cv-14017, 2021 WL 4877692, at *4 (S.D. Fla. Oct. 19, 2021); *In re Bernal*, No. 18-cv-21951, 2018 WL 6620085, at *8–9 (S.D. Fla. Dec. 18, 2018); *Great Lakes Transp. Holding LLC v. Yellow Cab Serv. Corp. of Fla.*, No. 10-cv-80241, 2010 WL 5093746, at *6 (S.D. Fla. Dec. 8, 2010). Experian also objects to the terms "consumer reports" and "credit reports" because Experian does not maintain copies of consumer reports or credit reports. While the terms "updates" and "other compilation of information"

3

are not defined, Experian interprets these terms to mean the documents included in Plaintiff's Experian consumer file. Experian agrees to confer with Plaintiff regarding the scope of this Request.

Subject to and without waiver of its objections, and after a reasonable and diligent search, Experian agrees to produce copies of consumer disclosures provided to Plaintiff, communications between Plaintiff and Experian, and Automated Consumer Dispute Verification ("ACDV") form responses. Upon entry of an agreeable stipulated protective order to maintain the confidentiality of documents in this action, Experian also agrees to produce the relevant Disclosure Log, Dispute/Response Log, Administrative Report, and Transaction Log for Plaintiff's Experian consumer file. Experian does not keep copies of consumer reports provided to third parties pursuant to 15 U.S.C. § 1681a(d).

**REQUEST #2:** All records of communications between Plaintiff and Experian, including all documents, records of telephonic communications, logbooks, or other records.

**RESPONSE:** Experian objects to this Request to the extent Plaintiff seeks documents and information beyond the applicable two-year statute of limitations. *See* 15 U.S.C. § 1681p. However, Experian interprets this Request to be limited to the two years prior to the filing of this action on or around April 27, 2023. Additionally, Experian objects to this Request to the extent it seeks documents or communications, if any, between Plaintiff and Experian generated after the filing of this action.

Experian objects to this Request on the grounds of relevance and proportionality to the extent it seeks "all" records of communications between Plaintiff and Experian that are not related or relevant to the issues and material facts in this action. *See, e.g.*, *Tuna Family Mgmt v. All Tr. Mgmt. Inc.*, No. 20-cv-14017, 2021 WL 4877692, at *4 (S.D. Fla. Oct. 19, 2021); *In re Bernal*, No. 18-cv-21951, 2018 WL 6620085, at *8–9 (S.D. Fla. Dec. 18, 2018); *Great Lakes Transp. Holding LLC v. Yellow Cab Serv. Corp. of Fla.*, No. 10-cv-80241, 2010 WL 5093746, at *6 (S.D. Fla. Dec. 8, 2010). Experian objects to the term "logbooks" because it seeks documents that, after a reasonable and diligent search, Experian does not possess or maintain. Experian also objects to the term "other records" as overbroad and ambiguous but interprets this Request to be limited to those documents and communications in Plaintiff's Experian consumer file related to the dispute in this action. Experian agrees to confer with Plaintiff regarding the scope of this Request.

Subject to and without waiver of its objections, and after a reasonable and diligent search, Experian agrees to produce copies of consumer disclosures provided to Plaintiff and communications between Plaintiff and Experian. Upon entry of an agreeable stipulated protective order to maintain the confidentiality of documents in this action, Experian also agrees to produce the relevant Disclosure Log, Dispute/Response Log, and Administrative Report for Plaintiff's Experian consumer file.

**REQUEST #3:** All records of communications, including all documents, records of telephonic communications, logbooks, or other records, between You and LexisNexis Risk Solutions, Inc. regarding Plaintiff; this excludes attorney-client communications.

**RESPONSE:** Experian objects to this Request to the extent Plaintiff seeks documents and information beyond the applicable two-year statute of limitations. *See* 15 U.S.C. § 1681p. However, Experian interprets this Request to be limited to the two years prior to the filing of this action on or around April 27, 2023. Additionally, Experian objects to this Request to the extent it seeks documents or communications, if any, between Plaintiff and Experian generated after the filing of this action.

Experian objects to this Request on the grounds that it is vague, ambiguous, and overbroad in its use of the defined phrase "You." Experian has thousands of legal relationships to companies, entities, institutions, agencies, subsidiaries, parent corporations, employees, agents, and contractual affiliates. Experian cannot respond for all parties encompassed by Plaintiff's definition of these terms. Experian interprets the term "You" to only include Defendant Experian Information Solutions, Inc.

Experian objects to this Request on the grounds of relevance and proportionality to the extent it seeks "all" records of communications between Defendant LexisNexis Risk Solutions, Inc. and Experian regarding Plaintiff that are not related or relevant to the issues and material facts in this action. *See, e.g.*, *Tuna Family Mgmt v. All Tr. Mgmt. Inc.*, No. 20-cv-14017, 2021 WL 4877692, at

*4 (S.D. Fla. Oct. 19, 2021); *In re Bernal*, No. 18-cv-21951, 2018 WL 6620085, at *8–9 (S.D. Fla. Dec. 18, 2018); *Great Lakes Transp. Holding LLC v. Yellow Cab Serv. Corp. of Fla.*, No. 10-cv-80241, 2010 WL 5093746, at *6 (S.D. Fla. Dec. 8, 2010). Experian agrees to confer with Plaintiff regarding the scope of this Request.

Subject to and without waiver of its objections, and after a reasonable and diligent search, Experian agrees to produce copies of ACDV form responses. Upon entry of an agreeable stipulated protective order to maintain the confidentiality of documents in this action, Experian also agrees to produce the relevant Transaction Log for Plaintiff's Experian consumer file.

**REQUEST #4:** All documents containing the current names, addresses and telephone numbers of persons who communicated with Plaintiff, worked on any aspect of Plaintiff's disputes, or altered any information in Plaintiff's file. Defendant may produce a list of witnesses with names, addresses and telephone numbers in lieu of the documents requested.

**RESPONSE:** Experian objects to this Request to the extent Plaintiff seeks documents and information beyond the applicable two-year statute of limitations. *See* 15 U.S.C. § 1681p. However, Experian interprets this Request to be limited to the two years prior to the filing of this action on or around April 27, 2023.

Experian objects to this Request on the grounds of relevance and proportionality to the extent it seeks "all" documents containing information of persons who communicated with Plaintiff, worked on her dispute, or altered information in her file that are not related or relevant to the issues and material facts in this action. *See, e.g.*, *Tuna Family Mgmt v. All Tr. Mgmt. Inc.*, No. 20-cv-14017, 2021 WL 4877692, at *4 (S.D. Fla. Oct. 19, 2021); *In re Bernal*, No. 18-cv-

21951, 2018 WL 6620085, at *8–9 (S.D. Fla. Dec. 18, 2018); *Great Lakes Transp. Holding LLC v. Yellow Cab Serv. Corp. of Fla.*, No. 10-cv-80241, 2010 WL 5093746, at *6 (S.D. Fla. Dec. 8, 2010). Experian also objects to this Request as overbroad because the Request as written seeks information on any "person[s]" that may have worked on Plaintiff's Experian consumer file, regardless of whether the document relates to Defendant LexisNexis Risk Solutions, Inc., and the material facts in this case. Experian agrees to confer with Plaintiff regarding the scope of this Request. Nonetheless, Experian interprets this Request to be limited to those documents and communications relating to Plaintiff and Defendant LexisNexis Risk Solutions, Inc.

Experian objects to this Request on the grounds that it seeks highly confidential, private information regarding a nonparty. Experian also objects to this Request to the extent it seeks information about individuals that is protected by U.S. privacy laws or the privacy and/or labor laws of Chile and/or Costa Rica. Experian further objects to this Request to the extent that it seeks documents and information that may only be discovered through the proper service of letters rogatory or through international treaties and conventions. Experian further objects because this Request is harassing and seeks information that is not relevant to either party's claims or defenses and is not proportional to the needs of the case. Specifically, the information requested cannot assist Plaintiff in proving her claims, and whatever negligible use Plaintiff may envision for these documents, if any, does not justify the time that would be spent or the cost that would be incurred

in identifying, redacting, and producing documents in response to this Request in light of the needs of this case. Experian also objects that this Request is overbroad in that it seeks documents containing: (i) medical information, including insurance elections and dependents which can only be released with a duly executed authorization by the employee or associate; (ii) parental and/or family leave information; and (iii) designation of family members as beneficiaries or emergency contacts. Based on the foregoing objections, Experian does not agree to produce documents in response to this Request.

Subject to and without waiver of its objections, and after a reasonable and diligent search, Experian agrees to produce copies of consumer disclosures provided to Plaintiff, communications between Plaintiff and Experian, and ACDV form responses. Upon entry of an agreeable stipulated protective order to maintain the confidentiality of documents in this action, Experian also agrees to produce the relevant Disclosure Log and Dispute/Response Log for Plaintiff's Experian consumer file.

**REQUEST #5:** All documents relating to any reinvestigation of any information in Plaintiff's file, including but not limited to any CDV's, ACDV's, responses, notes, screens, logs, internal memoranda, correspondence or supporting documentation.

**RESPONSE:** Experian objects to this Request to the extent Plaintiff seeks documents and information beyond the applicable two-year statute of limitations. *See* 15 U.S.C. § 1681p. However, Experian interprets this Request to be limited to the two years prior to the filing of this action on or around April 27, 2023. Additionally, Experian objects to this Request to the extent it seeks documents or

communications, if any, between Plaintiff and Experian generated after the filing of this action.

Experian objects to this Request on the grounds of relevance and proportionality to the extent it seeks "all" documents relating to any reinvestigation of information in Plaintiff's "file" that are not related or relevant to the issues and material facts in this action. *See, e.g.*, *Tuna Family Mgmt v. All Tr. Mgmt. Inc.*, No. 20-cv-14017, 2021 WL 4877692, at *4 (S.D. Fla. Oct. 19, 2021); *In re Bernal*, No. 18-cv-21951, 2018 WL 6620085, at *8–9 (S.D. Fla. Dec. 18, 2018); *Great Lakes Transp. Holding LLC v. Yellow Cab Serv. Corp. of Fla.*, No. 10-cv-80241, 2010 WL 5093746, at *6 (S.D. Fla. Dec. 8, 2010). Experian also objects to the terms "notes," "screens," "logs," "internal memoranda," "correspondence," and "supporting documentation" because it seeks documents that Experian, after a reasonable and diligent search, does not possess or maintain. Experian agrees to confer with Plaintiff regarding the scope of this Request.

Subject to and without waiver of its objections, and after a reasonable and diligent search, Experian agrees to produce copies of consumer disclosures provided to Plaintiff, communications between Plaintiff and Experian, and ACDV form responses. Upon entry of an agreeable stipulated protective order to maintain the confidentiality of documents in this action, Experian also agrees to produce the relevant Dispute/Response Log for Plaintiff's Experian consumer file.

**REQUEST #6:** A complete copy of any communications – including but not limited to any supporting documentation, specific requests for information, UDF's, AUD's, instructions, notes, screens, logs, policies, or legal requirements – relating to Plaintiff, Plaintiff's file or any reinvestigation of any information contained in Plaintiff's file.

**RESPONSE:** Experian objects to this Request to the extent Plaintiff seeks documents and information beyond the applicable two-year statute of limitations. *See* 15 U.S.C. § 1681p. However, Experian interprets this Request to be limited to the two years prior to the filing of this action on or around April 27, 2023. Additionally, Experian objects to this Request to the extent it seeks documents or communications, if any, between Plaintiff and Experian generated after the filing of this action.

Experian objects to this Request on the grounds of relevance and proportionality to the extent it seeks "any" communications relating to Plaintiff, Plaintiff's "file," or any reinvestigation of any information contained in Plaintiff's "file" that are not related or relevant to the issues and material facts in this action. *See, e.g.*, *Tuna Family Mgmt v. All Tr. Mgmt. Inc.*, No. 20-cv-14017, 2021 WL 4877692, at *4 (S.D. Fla. Oct. 19, 2021); *In re Bernal*, No. 18-cv-21951, 2018 WL 6620085, at *8–9 (S.D. Fla. Dec. 18, 2018); *Great Lakes Transp. Holding LLC v. Yellow Cab Serv. Corp. of Fla.*, No. 10-cv-80241, 2010 WL 5093746, at *6 (S.D. Fla. Dec. 8, 2010). Experian agrees to confer with Plaintiff regarding the scope of this Request.

Subject to and without waiver of its objections, and after a reasonable and diligent search, Experian agrees to produce copies of consumer disclosures

provided to Plaintiff, communications between Plaintiff and Experian, and ACDV

form responses. Upon entry of an agreeable stipulated protective order to maintain

the confidentiality of documents in this action, Experian also agrees to produce the

relevant Dispute/Response Log for Plaintiff's Experian consumer file.

**REQUEST #7:** All notices given, after reinvestigation, to furnishers of information disputed by Plaintiff that the information was modified or deleted.

**RESPONSE:** Experian objects to this Request to the extent Plaintiff seeks

documents and information beyond the applicable two-year statute of limitations.

*See* 15 U.S.C. § 1681p. However, Experian interprets this Request to be limited to

the two years prior to the filing of this action on or around April 27, 2023.

Additionally, Experian objects to this Request to the extent it seeks documents or

communications, if any, between Plaintiff and Experian generated after the filing

of this action.

Experian objects to this Request on the grounds of relevance and

proportionality to the extent it seeks "all" notices Experian may have sent of

modifications or deletions to Plaintiff's information after reinvestigation that are

not related or relevant to the issues and material facts in this action. *See, e.g.*, *Tuna*

*Family Mgmt v. All Tr. Mgmt. Inc.*, No. 20-cv-14017, 2021 WL 4877692, at \*4

(S.D. Fla. Oct. 19, 2021); *In re Bernal*, No. 18-cv-21951, 2018 WL 6620085, at \*8–

9 (S.D. Fla. Dec. 18, 2018); *Great Lakes Transp. Holding LLC v. Yellow Cab Serv.*

*Corp. of Fla.*, No. 10-cv-80241, 2010 WL 5093746, at \*6 (S.D. Fla. Dec. 8, 2010).

Experian also objects to this Request as overbroad because the Request as written

seeks any notices sent related to Plaintiff's Experian consumer file, regardless of whether the notice was sent to Defendant LexisNexis Risk Solutions, Inc. or relate to material facts in this action. Experian agrees to confer with Plaintiff regarding the scope of this Request. Nonetheless, Experian interprets this Request to be limited to those notices sent to Defendant LexisNexis Risk Solutions, Inc.

Experian also objects to this Request to the extent it seeks documents that Experian does not maintain in the ordinary course of its business or otherwise asks Experian to create a document solely for the purpose of this litigation.

Pursuant to Federal Rule of Civil Procedure 34(b)(2)(C), Experian states that—based on its relevance and proportionality objections—Experian does not expect to produce documents in response to this Request.

**REQUEST #8:** All other documents prepared, sent or received by EXPERIAN INFORMATION SOLUTIONS, INC. in the course of conducting the reinvestigations regarding Plaintiff and referred to in the Complaint.

**RESPONSE:** Experian objects to this Request because it is duplicative of Requests previously responded to, including Request #5.

Experian objects to this Request on the grounds that it is vague, ambiguous, and overbroad in its use of the defined phrase "EXPERIAN INFORMATION SOLUTIONS, INC." Experian has thousands of legal relationships to companies, entities, institutions, agencies, subsidiaries, parent corporations, employees, agents, and contractual affiliates. Experian cannot respond for all parties encompassed by Plaintiff's definition of this term. Experian interprets the term

13

"EXPERIAN INFORMATION SOLUTIONS, INC." to only include Defendant Experian Information Solutions, Inc.

Subject to and without waiver of its objections, and after a reasonable and diligent search, Experian agrees to produce copies of consumer disclosures provided to Plaintiff, communications between Plaintiff and Experian, and ACDV form responses. Upon entry of an agreeable stipulated protective order to maintain the confidentiality of documents in this action, Experian also agrees to produce the relevant Disclosure Log and Dispute/Response Log for Plaintiff's Experian consumer file.

**REQUEST #9:** All documents evidencing agreements between You and LNRS whereby You supply individual consumer credit information to LNRS, or provide access to such information.

**RESPONSE:** Experian objects to this Request to the extent Plaintiff seeks documents and information beyond the applicable two-year statute of limitations. *See* 15 U.S.C. § 1681p. However, Experian interprets this Request to be limited to the two years prior to the filing of this action on or around April 27, 2023. Additionally, Experian objects to this Request to the extent it seeks documents or communications, if any, between Plaintiff and Experian generated after the filing of this action.

Experian objects to this Request on the grounds of relevance and proportionality to the extent it seeks "all" documents evidencing agreements between Experian and Defendant LexisNexis Risk Solutions, Inc. whereby Experian supplied individual consumer credit information to Defendant

14

LexisNexis Risk Solutions, Inc., or provided access to such information, that are not related or relevant to the issues and material facts in this action. *See, e.g.*, *Tuna Family Mgmt v. All Tr. Mgmt. Inc.*, No. 20-cv-14017, 2021 WL 4877692, at *4 (S.D. Fla. Oct. 19, 2021); *In re Bernal*, No. 18-cv-21951, 2018 WL 6620085, at *8–9 (S.D. Fla. Dec. 18, 2018); *Great Lakes Transp. Holding LLC v. Yellow Cab Serv. Corp. of Fla.*, No. 10-cv-80241, 2010 WL 5093746, at *6 (S.D. Fla. Dec. 8, 2010). Experian interprets this Request to be limited to agreement(s), if any, between Experian and Defendant LexisNexis Risk Solutions, Inc. that are related or relevant to the issues and material facts in this action.

Experian is currently conducting a reasonable and diligent search of the relevant agreements with Defendant LexisNexis Risk Solutions, Inc., if any. If such responsive agreements are identified, Experian will supplement its production within thirty days of identifying same. However, pursuant to Federal Rule of Civil Procedure 34(b)(2)(C), Experian states that—based on its relevance and proportionality objections—Experian does not anticipate searching for any and all data from furnishers or public record vendors to have ever provided information to or requested information from Experian with respect to Plaintiff's Experian consumer file.

**REQUEST #10:** All computerized data relating to Plaintiff or any reinvestigation regarding Plaintiff.

**RESPONSE:** Experian objects to this Request to the extent Plaintiff seeks documents and information beyond the applicable two-year statute of limitations.

*See* 15 U.S.C. § 1681p. However, Experian interprets this Request to be limited to the two years prior to the filing of this action on or around April 27, 2023. Additionally, Experian objects to this Request to the extent it seeks documents or communications, if any, between Plaintiff and Experian generated after the filing of this action.

Experian objects to this Request on the grounds of relevance and proportionality to the extent it seeks "all" computerized data relating to Plaintiff or any reinvestigation relating to him that are not related or relevant to the issues and material facts in this action. *See, e.g.*, *Tuna Family Mgmt v. All Tr. Mgmt. Inc.*, No. 20-cv-14017, 2021 WL 4877692, at *4 (S.D. Fla. Oct. 19, 2021); *In re Bernal*, No. 18-cv-21951, 2018 WL 6620085, at *8–9 (S.D. Fla. Dec. 18, 2018); *Great Lakes Transp. Holding LLC v. Yellow Cab Serv. Corp. of Fla.*, No. 10-cv-80241, 2010 WL 5093746, at *6 (S.D. Fla. Dec. 8, 2010). Experian objects to this Request as vague and overbroad. First, Experian objects to the term "computerized data" as vague and overbroad, such that Experian cannot discern its scope or relevance to the claims or defenses in this action. Second, Experian objects to this Request as overbroad because the Request as written seeks all computerized data related to Plaintiff's Experian consumer file, regardless of whether the computerized data relates to Defendant LexisNexis Risk Solutions, Inc. or the material facts in dispute. Experian maintains a complex database of data for millions of consumers and extracts a specific consumer's information responsive to the needs of litigation. Experian agrees to confer with Plaintiff regarding the scope of this

Request. Nonetheless, Experian interprets this Request to be limited to computerized data relating to Plaintiff and Defendant LexisNexis Risk Solutions, Inc.

Experian also objects to this request to the extent it seeks documents that Experian does not maintain in the ordinary course of its business or otherwise asks Experian to create a document solely for the purpose of this litigation.

Subject to and without waiver of its objections, and after a reasonable and diligent search, Experian agrees to produce copies of consumer disclosures provided to Plaintiff, communications between Plaintiff and Experian, and ACDV form responses. Upon entry of an agreeable stipulated protective order to maintain the confidentiality of documents in this action, Experian also agrees to produce the relevant Disclosure Log, Dispute/Response Log, Administrative Report, and Transaction Log for Plaintiff's Experian consumer file.

**REQUEST #11:** All Consumer Assistance Processing System ("CAPS") documents relating to Plaintiff.

**RESPONSE:** Experian objects to this Request to the extent Plaintiff seeks documents and information beyond the applicable two-year statute of limitations. *See* 15 U.S.C. § 1681p. However, Experian interprets this Request to be limited to the two years prior to the filing of this action on or around April 27, 2023. Additionally, Experian objects to this Request to the extent it seeks documents or communications, if any, between Plaintiff and Experian generated after the filing of this action.

Experian objects to this Request on the grounds of relevance and proportionality to the extent it seeks "all" Consumer Assistance Processing System documents that are not related or relevant to the issues and material facts in this action. *See, e.g.*, *Tuna Family Mgmt v. All Tr. Mgmt. Inc.*, No. 20-cv-14017, 2021 WL 4877692, at *4 (S.D. Fla. Oct. 19, 2021); *In re Bernal*, No. 18-cv-21951, 2018 WL 6620085, at *8–9 (S.D. Fla. Dec. 18, 2018); *Great Lakes Transp. Holding LLC v. Yellow Cab Serv. Corp. of Fla.*, No. 10-cv-80241, 2010 WL 5093746, at *6 (S.D. Fla. Dec. 8, 2010). Experian also objects to this Request as overbroad because the Request as written seeks all documents and information in the Consumer Assistance Processing System relating to Plaintiff, regardless of whether the documents or information relate to Defendant LexisNexis Risk Solutions, Inc., and the material facts in this case. Experian does not agree to produce documents in the Consumer Assistance Processing System in data form because it contains information for millions of consumers. Experian maintains a complex database of data for millions of consumers and extracts a specific consumer's information responsive to the needs of litigation. Experian agrees to confer with Plaintiff regarding the scope of this Request. Nonetheless, Experian interprets this Request to be limited to those documents in the Consumer Assistance Processing System relating to Plaintiff and Defendant LexisNexis Risk Solutions, Inc.

Subject to and without waiver of its objections, and after a reasonable and diligent search, Experian agrees to produce copies of consumer disclosures provided to Plaintiff, communications between Plaintiff and Experian, and ACDV

form responses. Upon entry of an agreeable stipulated protective order to maintain the confidentiality of documents in this action, Experian also agrees to produce the relevant Disclosure Log and Dispute/Response Log for Plaintiff's Experian consumer file.

**REQUEST #12:** All FileOne database documents relating to Plaintiff.

**RESPONSE:** Experian objects to this Request to the extent Plaintiff seeks documents and information beyond the applicable two-year statute of limitations. *See* 15 U.S.C. § 1681p. However, Experian interprets this Request to be limited to the two years prior to the filing of this action on or around April 27, 2023. Additionally, Experian objects to this Request to the extent it seeks documents or communications, if any, between Plaintiff and Experian generated after the filing of this action.

Experian objects to this Request on the grounds of relevance and proportionality to the extent it seeks "all" FileOne database documents that are not related or relevant to the issues and material facts in this action. *See, e.g.*, *Tuna Family Mgmt v. All Tr. Mgmt. Inc.*, No. 20-cv-14017, 2021 WL 4877692, at *4 (S.D. Fla. Oct. 19, 2021); *In re Bernal*, No. 18-cv-21951, 2018 WL 6620085, at *8–9 (S.D. Fla. Dec. 18, 2018); *Great Lakes Transp. Holding LLC v. Yellow Cab Serv. Corp. of Fla.*, No. 10-cv-80241, 2010 WL 5093746, at *6 (S.D. Fla. Dec. 8, 2010). Experian also objects to this Request as overbroad because the Request as written seeks all documents and information in the FileOne database relating to Plaintiff, regardless of whether the documents or information relate to Defendant

19

LexisNexis Risk Solutions, Inc., and the material facts in this case. Experian does not agree to produce documents in the FileOne database in data form because it contains information for millions of consumers. Experian maintains a complex database of data for millions of consumers and extracts a specific consumer's information responsive to the needs of litigation. Experian agrees to confer with Plaintiff regarding the scope of this Request. Nonetheless, Experian interprets this Request to be limited to those documents in the FileOne database relating to Plaintiff and Defendant LexisNexis Risk Solutions, Inc.

Subject to and without waiver of its objections, and after a reasonable and diligent search, Experian agrees to produce copies of consumer disclosures provided to Plaintiff, communications between Plaintiff and Experian, and ACDV form responses. Upon entry of an agreeable stipulated protective order to maintain the confidentiality of documents in this action, Experian also agrees to produce the relevant Administrative Report for Plaintiff's Experian consumer file.

**REQUEST #13:** All "Admin Reports" and documents relating to Plaintiff, including Short Admin and Long Admin formats.

**RESPONSE:** Experian objects to this Request to the extent Plaintiff seeks documents and information beyond the applicable two-year statute of limitations. *See* 15 U.S.C. § 1681p. However, Experian interprets this Request to be limited to the two years prior to the filing of this action on or around April 27, 2023. Additionally, Experian objects to this Request to the extent it seeks documents or

communications, if any, between Plaintiff and Experian generated after the filing of this action.

Experian objects to this Request on the grounds of relevance and proportionality to the extent it seeks "all" Administrative Reports and documents relating to Plaintiff that are not related or relevant to the issues and material facts in this action. *See, e.g.*, *Tuna Family Mgmt v. All Tr. Mgmt. Inc.*, No. 20-cv-14017, 2021 WL 4877692, at *4 (S.D. Fla. Oct. 19, 2021); *In re Bernal*, No. 18-cv-21951, 2018 WL 6620085, at *8–9 (S.D. Fla. Dec. 18, 2018); *Great Lakes Transp. Holding LLC v. Yellow Cab Serv. Corp. of Fla.*, No. 10-cv-80241, 2010 WL 5093746, at *6 (S.D. Fla. Dec. 8, 2010). Experian agrees to confer with Plaintiff regarding the scope of this Request.

Experian objects to the term "Short Admin" because it references a document that Experian does not possess or maintain. Experian interprets the term to mean what is typically referred to as the Administrative Report, which Experian agrees to produce.

Experian objects to the term "Long Admin" as overbroad and unduly burdensome because it seeks a document that Experian does not maintain in the ordinary course of its business or otherwise asks Experian to create a document solely for the purpose of this litigation. Experian further objects to this Request because it seeks documents and information that have little or no relation to the material facts at issue in this case. The Long Admin contains the same identification information as the Administrative Report and the additional

21

information in the Long Admin includes highly confidential codes relating to the structure of Experian's database. Importantly, the Long Admin does not contain any historical personal identification information for the account at issue. Rather, it only contains the identification information as it appears on Plaintiff's credit file at the time the Long Admin is generated. Based on the foregoing objections, Experian does not agree to generate or produce a Long Admin.

Subject to and without waiver of its objections, and after a reasonable and diligent search, Experian agrees to produce copies of consumer disclosures provided to Plaintiff, communications between Plaintiff and Experian, and ACDV form responses. Upon entry of an agreeable stipulated protective order to maintain the confidentiality of documents in this action, Experian also agrees to produce the relevant Administrative Report for Plaintiff's Experian consumer file.

**REQUEST #14:** Your Dispute Log as it relates to Plaintiff.

**RESPONSE:** Experian objects to this Request to the extent Plaintiff seeks documents and information beyond the applicable two-year statute of limitations. *See* 15 U.S.C. § 1681p. However, Experian interprets this Request to be limited to the two years prior to the filing of this action on or around April 27, 2023. Additionally, Experian objects to this Request to the extent it seeks documents or communications, if any, between Plaintiff and Experian generated after the filing of this action.

Experian objects to this Request on the grounds that it is vague, ambiguous, and overbroad in its use of the defined phrase "You" or "Your." Experian has

thousands of legal relationships to companies, entities, institutions, agencies, subsidiaries, parent corporations, employees, agents, and contractual affiliates. Experian cannot respond for all parties encompassed by Plaintiff's definition of these terms. Experian interprets the term "Your" to only include Defendant Experian Information Solutions, Inc.

Experian objects to the term "Dispute Log" because no such term or document exists. In light of Request #15, which seeks a Dispute/Resolution Log, Experian interprets this Request to be referencing the Disclosure Log, which Experian agrees to produce.

Subject to and without waiver of its objections, and after a reasonable and diligent search, Experian agrees to produce copies of consumer disclosures provided to Plaintiff, communications between Plaintiff and Experian, and ACDV form responses. Upon entry of an agreeable stipulated protective order to maintain the confidentiality of documents in this action, Experian also agrees to produce the relevant Disclosure Log for Plaintiff's Experian consumer file.

**REQUEST #15:** Your D/R Log as it relates to Plaintiff.

**RESPONSE:** Experian objects to this Request to the extent Plaintiff seeks documents and information beyond the applicable two-year statute of limitations. *See* 15 U.S.C. § 1681p. However, Experian interprets this Request to be limited to the two years prior to the filing of this action on or around April 27, 2023. Additionally, Experian objects to this Request to the extent it seeks documents or

communications, if any, between Plaintiff and Experian generated after the filing of this action.

Experian objects to this Request on the grounds that it is vague, ambiguous, and overbroad in its use of the defined phrase "You" or "Your." Experian has thousands of legal relationships to companies, entities, institutions, agencies, subsidiaries, parent corporations, employees, agents, and contractual affiliates. Experian cannot respond for all parties encompassed by Plaintiff's definition of these terms. Experian interprets the term "Your" to only include Defendant Experian Information Solutions, Inc. Experian interprets the term "D/R Log" to be referencing the Dispute/Response Log, which Experian agrees to produce.

Subject to and without waiver of its objections, and after a reasonable and diligent search, Experian agrees to produce copies of consumer disclosures provided to Plaintiff, communications between Plaintiff and Experian, and ACDV form responses. Upon entry of an agreeable stipulated protective order to maintain the confidentiality of documents in this action, Experian also agrees to produce the relevant Dispute/Response Log for Plaintiff's Experian consumer file.

**REQUEST #16:** Your Transaction Log as it relates to Plaintiff.

**RESPONSE:** Experian objects to this Request to the extent Plaintiff seeks documents and information beyond the applicable two-year statute of limitations. *See* 15 U.S.C. § 1681p. However, Experian interprets this Request to be limited to the two years prior to the filing of this action on or around April 27, 2023. Additionally, Experian objects to this Request to the extent it seeks documents or

communications, if any, between Plaintiff and Experian generated after the filing of this action.

Experian objects to this Request on the grounds that it is vague, ambiguous, and overbroad in its use of the defined phrase "You" or "Your." Experian has thousands of legal relationships to companies, entities, institutions, agencies, subsidiaries, parent corporations, employees, agents, and contractual affiliates. Experian cannot respond for all parties encompassed by Plaintiff's definition of these terms. Experian interprets the term "Your" to only include Defendant Experian Information Solutions, Inc.

Subject to and without waiver of its objections, and after a reasonable and diligent search, Experian agrees to produce copies of consumer disclosures provided to Plaintiff, communications between Plaintiff and Experian, and ACDV form responses. Upon entry of an agreeable stipulated protective order to maintain the confidentiality of documents in this action, Experian also agrees to produce the relevant Transaction Log for Plaintiff's Experian consumer file.

**REQUEST #17:** All terminal audit trails concerning Plaintiff.

**RESPONSE:** Experian objects to this Request to the extent Plaintiff seeks documents and information beyond the applicable two-year statute of limitations. *See* 15 U.S.C. § 1681p. However, Experian interprets this Request to be limited to the two years prior to the filing of this action on or around April 27, 2023. Additionally, Experian objects to this Request to the extent it seeks documents or

communications, if any, between Plaintiff and Experian generated after the filing of this action.

Experian objects to this Request on the grounds of relevance and proportionality to the extent it seeks "all" terminal audit trails concerning Plaintiff that are not related or relevant to the issues and material facts in this action. *See, e.g.*, *Tuna Family Mgmt v. All Tr. Mgmt. Inc.*, No. 20-cv-14017, 2021 WL 4877692, at *4 (S.D. Fla. Oct. 19, 2021); *In re Bernal*, No. 18-cv-21951, 2018 WL 6620085, at *8–9 (S.D. Fla. Dec. 18, 2018); *Great Lakes Transp. Holding LLC v. Yellow Cab Serv. Corp. of Fla.*, No. 10-cv-80241, 2010 WL 5093746, at *6 (S.D. Fla. Dec. 8, 2010). Experian objects to the term "terminal audit trails" because it is not a term known to Experian or a document that Experian possesses or maintains. Upon information and belief, a terminal audit trail refers to a type of document maintained by a different consumer reporting agency. Experian agrees to confer with Plaintiff regarding the scope of this Request.

Pursuant to Federal Rule of Civil Procedure 34(b)(2)(C), Experian states that—based on its relevance and proportionality objections—Experian does not expect to produce documents in response to this Request.

**REQUEST #18:** All records of information received from public record vendors relating to Plaintiff.

**RESPONSE:** Experian objects to this Request to the extent Plaintiff seeks documents and information beyond the applicable two-year statute of limitations. *See* 15 U.S.C. § 1681p. However, Experian interprets this Request to be limited to

the two years prior to the filing of this action on or around April 27, 2023. Additionally, Experian objects to this Request to the extent it seeks documents or communications, if any, between Plaintiff and Experian generated after the filing of this action.

Experian objects to this Request on the grounds of relevance and proportionality to the extent it seeks "all" records of information received from public record vendors that are not related or relevant to the issues and material facts in this action. *See, e.g.*, *Tuna Family Mgmt v. All Tr. Mgmt. Inc.*, No. 20-cv-14017, 2021 WL 4877692, at \*4 (S.D. Fla. Oct. 19, 2021); *In re Bernal*, No. 18-cv-21951, 2018 WL 6620085, at \*8–9 (S.D. Fla. Dec. 18, 2018); *Great Lakes Transp. Holding LLC v. Yellow Cab Serv. Corp. of Fla.*, No. 10-cv-80241, 2010 WL 5093746, at \*6 (S.D. Fla. Dec. 8, 2010). Experian objects to this Request as neither relevant to the allegations in this action nor proportional to the needs of this case because the factual allegations and issues identified in this litigation do not reference public records in Plaintiff's Experian consumer file or suggest that such public records exist. This action involves Defendant LexisNexis Risk Solutions, Inc., a private entity, and not public records. Experian agrees to confer with Plaintiff regarding the scope of this Request.

Pursuant to Federal Rule of Civil Procedure 34(b)(2)(C), Experian states that—based on its relevance and proportionality objections—Experian does not expect to produce documents in response to this Request.

**REQUEST #19:** All agreements with any third party who provides ACDV dispute operators to complete the reinvestigation requirements for Plaintiff's disputes.

**RESPONSE:** Experian objects to this Request to the extent Plaintiff seeks documents and information beyond the applicable two-year statute of limitations. *See* 15 U.S.C. § 1681p. However, Experian interprets this Request to be limited to the two years prior to the filing of this action on or around April 27, 2023. Additionally, Experian objects to this Request to the extent it seeks documents or communications, if any, between Plaintiff and Experian generated after the filing of this action.

Experian objects to this Request on the grounds of relevance and proportionality to the extent it seeks "all" agreements with any third party who provides ACDV dispute operators who complete reinvestigations that are not related or relevant to the issues and material facts in this action. *See, e.g., Tuna Family Mgmt v. All Tr. Mgmt. Inc.*, No. 20-cv-14017, 2021 WL 4877692, at *4 (S.D. Fla. Oct. 19, 2021); *In re Bernal*, No. 18-cv-21951, 2018 WL 6620085, at *8–9 (S.D. Fla. Dec. 18, 2018); *Great Lakes Transp. Holding LLC v. Yellow Cab Serv. Corp. of Fla.*, No. 10-cv-80241, 2010 WL 5093746, at *6 (S.D. Fla. Dec. 8, 2010). Experian objects to this Request because it fails to describe the term "third party who provides ACDV dispute operators" with reasonable particularity, such that Experian cannot discern its relevance to the claims or defenses in this action. In addition, this Request appears to seek documents that have little or no relation to the material facts at issue in this case. Experian's contractual relationship with a

third party has no bearing on any party's claims or defenses. Experian is liable, if at all, for the actions it takes and the procedures it maintains, regardless of the identity of the Experian employee who took the action or maintains the procedures. Experian agrees to confer with Plaintiff regarding the scope of this Request.

Pursuant to Federal Rule of Civil Procedure 34(b)(2)(C), Experian states that—based on its relevance and proportionality objections—Experian does not expect to produce documents in response to this Request.

**REQUEST #20:** All records of furnishing, printing or selling any consumer report, data, or score relating to Plaintiff within the past five years, including the information that was furnished, the date the information was furnished, the name and address of the party who received the information, the price paid, and all invoices or billing records.

**RESPONSE:** Experian objects to this Request to the extent Plaintiff seeks documents and information beyond the applicable two-year statute of limitations. *See* 15 U.S.C. § 1681p. However, Experian interprets this Request to be limited to the two years prior to the filing of this action on or around April 27, 2023. Additionally, Experian objects to this Request to the extent it seeks documents or communications, if any, between Plaintiff and Experian generated after the filing of this action.

Experian objects to this Request on the grounds of relevance and proportionality to the extent it seeks "all" records of furnishing, printing, or selling any consumer report, data, or score relating to Plaintiff that are not related or relevant to the issues and material facts in this action. *See, e.g.*, *Tuna Family Mgmt*

*v. All Tr. Mgmt. Inc.*, No. 20-cv-14017, 2021 WL 4877692, at *4 (S.D. Fla. Oct. 19, 2021); *In re Bernal*, No. 18-cv-21951, 2018 WL 6620085, at *8–9 (S.D. Fla. Dec. 18, 2018); *Great Lakes Transp. Holding LLC v. Yellow Cab Serv. Corp. of Fla.*, No. 10-cv-80241, 2010 WL 5093746, at *6 (S.D. Fla. Dec. 8, 2010). Experian also objects to this Request as overbroad because the Request as written seeks all records in Plaintiff's Experian consumer file, regardless of whether those records relate to Defendant LexisNexis Risk Solutions, Inc., and the material facts in this case. Experian agrees to confer with Plaintiff regarding the scope of this Request. Nonetheless, Experian interprets this Request to be limited to those records relating to Plaintiff and Defendant LexisNexis Risk Solutions, Inc.

Experian objects to this Request to the extent it seeks documents that Experian does not maintain in the ordinary course of its business or otherwise asks Experian to create a document solely for the purpose of this litigation. Further, Plaintiff's Experian consumer file only contains hard inquiries for the past two years. Experian does not otherwise maintain a record of the information provided to a third party in response to a specific hard or soft inquiry. While it may be possible to identify hard inquiries older than the two-year period by reviewing older consumer disclosures, Experian does not retain such documents beyond the two-year period.

Experian objects to this Request because the prices paid by third parties for consumer inquiries is neither relevant nor proportional to the materials facts in

this action. No claim or defense in this matter relates to the contractual relationship between Experian and third parties initiating consumer inquiries.

Subject to and without waiver of its objections, and after a reasonable and diligent search, Experian agrees to produce copies of consumer disclosures provided to Plaintiff, communications between Plaintiff and Experian, and ACDV form responses. Upon entry of an agreeable stipulated protective order to maintain the confidentiality of documents in this action, Experian also agrees to produce the relevant Disclosure Log and Administrative Report for Plaintiff's Experian consumer file, which identify entities that made hard inquiries to Experian.

**REQUEST #21:** All documents relating to procedures for reporting accurate identifying information.

**RESPONSE:** Experian objects to this Request to the extent Plaintiff seeks documents and information beyond the applicable two-year statute of limitations. *See* 15 U.S.C. § 1681p. However, Experian interprets this Request to be limited to the two years prior to the filing of this action on or around April 27, 2023. Additionally, Experian objects to this Request to the extent it seeks documents or communications, if any, between Plaintiff and Experian generated after the filing of this action.

Experian objects to this Request on the grounds of relevance and proportionality to the extent it seeks "all" documents relating to procedures for reporting accurate identifying information that are not related or relevant to the issues and material facts in this action. *See, e.g.*, *Tuna Family Mgmt v. All Tr.*

*Mgmt. Inc.*, No. 20-cv-14017, 2021 WL 4877692, at *4 (S.D. Fla. Oct. 19, 2021); *In re Bernal*, No. 18-cv-21951, 2018 WL 6620085, at *8–9 (S.D. Fla. Dec. 18, 2018); *Great Lakes Transp. Holding LLC v. Yellow Cab Serv. Corp. of Fla.*, No. 10-cv-80241, 2010 WL 5093746, at *6 (S.D. Fla. Dec. 8, 2010). Experian objects to this Request as overbroad because the Request as written seeks all documents relating to Experian's reporting procedures, regardless of whether those procedures relate to Defendant LexisNexis Risk Solutions, Inc., and the material facts in this action. Experian agrees to confer with Plaintiff regarding the scope of this Request. Nonetheless, Experian interprets this Request to be limited to those procedures for reporting accurate identifying information related to the allegations in this action with respect to Plaintiff and Defendant LexisNexis Risk Solutions, Inc.

Upon entry of an agreeable stipulated protective order to maintain the confidentiality of documents in this action, Experian agrees to produce the responsive portions of the following Participant Guides in effect during the relevant period in this action: (1) 2022 Credit Reporting Resource Guide; (2) Participant Guide: ACDV Procedures; (3) Participant Guide: Consumer CDI Procedures; (4) Participant Guide: Consumer Fraud Procedures; (5) Participant Guide: Disputes: Additional Information; and (6) Participant Guide: Disputes: Trades.

**REQUEST #22:** All documents relating to procedures to assure that items disputed by a consumer, which are deleted or corrected, as inaccurate or unverifiable, do not subsequently appear on that consumer's credit reports.

**RESPONSE:** Experian objects to this Request to the extent Plaintiff seeks documents and information beyond the applicable two-year statute of limitations. *See* 15 U.S.C. § 1681p. However, Experian interprets this Request to be limited to the two years prior to the filing of this action on or around April 27, 2023. Additionally, Experian objects to this Request to the extent it seeks documents or communications, if any, between Plaintiff and Experian generated after the filing of this action.

Experian objects to this Request on the grounds of relevance and proportionality to the extent it seeks "all" documents relating to procedures to assure disputed items that are deleted or corrected do not reappear in a consumer's credit report that are not related or relevant to the issues and material facts in this action. *See, e.g.*, *Tuna Family Mgmt v. All Tr. Mgmt. Inc.*, No. 20-cv-14017, 2021 WL 4877692, at *4 (S.D. Fla. Oct. 19, 2021); *In re Bernal*, No. 18-cv-21951, 2018 WL 6620085, at *8–9 (S.D. Fla. Dec. 18, 2018); *Great Lakes Transp. Holding LLC v. Yellow Cab Serv. Corp. of Fla.*, No. 10-cv-80241, 2010 WL 5093746, at *6 (S.D. Fla. Dec. 8, 2010). Experian agrees to confer with Plaintiff regarding the scope of this Request.

Upon entry of an agreeable stipulated protective order to maintain the confidentiality of documents in this action, Experian agrees to produce the responsive portions of the following Participant Guides in effect during the

33

relevant period in this action: (1) 2022 Credit Reporting Resource Guide; (2) Participant Guide: ACDV Procedures; (3) Participant Guide: Consumer CDI Procedures; (4) Participant Guide: Consumer Fraud Procedures; (5) Participant Guide: Disputes: Additional Information; and (6) Participant Guide: Disputes: Trades.

**REQUEST #23:** All documents relating to procedures for Experian to remove a credit freeze from a consumer's credit file at the request of the consumer.

**RESPONSE:** Experian objects to this Request to the extent Plaintiff seeks documents and information beyond the applicable two-year statute of limitations. *See* 15 U.S.C. § 1681p. However, Experian interprets this Request to be limited to the two years prior to the filing of this action on or around April 27, 2023. Additionally, Experian objects to this Request to the extent it seeks documents or communications, if any, between Plaintiff and Experian generated after the filing of this action.

Experian objects to this Request on grounds of relevance and proportionality to the extent it seeks "all" documents relating to procedures for Experian to remove a credit freeze from a consumer's credit file at the request of the consumer that are not related or relevant to the issues and material facts in this action. *See, e.g.*, *Tuna Family Mgmt v. All Tr. Mgmt. Inc.*, No. 20-cv-14017, 2021 WL 4877692, at *4 (S.D. Fla. Oct. 19, 2021); *In re Bernal*, No. 18-cv-21951, 2018 WL 6620085, at *8–9 (S.D. Fla. Dec. 18, 2018); *Great Lakes Transp. Holding LLC v. Yellow Cab Serv. Corp. of Fla.*, No. 10-cv-80241, 2010 WL 5093746, at *6 (S.D.

Fla. Dec. 8, 2010). Experian objects to this Request as overbroad because the Request as written seeks all documents relating to Experian's procedures, regardless of whether those procedures relate to Defendant LexisNexis Risk Solutions, Inc., and the material facts in this action. Experian agrees to confer with Plaintiff regarding the scope of this Request. Nonetheless, Experian interprets this Request to be limited to those procedures for removing credit freezes on a consumer's credit file related to the allegations in this action with respect to Plaintiff and Defendant LexisNexis Risk Solutions, Inc.

Upon entry of an agreeable stipulated protective order to maintain the confidentiality of documents in this action, Experian agrees to produce the responsive portions of the Participant Guide: Security Freeze Procedures in effect during the relevant period in this action.

**REQUEST #24:** All documents relating to procedures for a consumer to remove access or authorization for an email address that previously placed or removed a credit freeze on a consumer's file.

**RESPONSE:** Experian objects to this Request to the extent Plaintiff seeks documents and information beyond the applicable two-year statute of limitations. *See* 15 U.S.C. § 1681p. However, Experian interprets this Request to be limited to the two years prior to the filing of this action on or around April 27, 2023. Additionally, Experian objects to this Request to the extent it seeks documents or communications, if any, between Plaintiff and Experian generated after the filing of this action.

Experian objects to this Request on grounds of relevance and proportionality to the extent it seeks "all" documents relating to procedures for a consumer to remove access or authorization for an email address that previously placed or removed a credit freeze on a consumer's file that are not related or relevant to the issues and material facts in this action. *See, e.g.*, *Tuna Family Mgmt v. All Tr. Mgmt. Inc.*, No. 20-cv-14017, 2021 WL 4877692, at *4 (S.D. Fla. Oct. 19, 2021); *In re Bernal*, No. 18-cv-21951, 2018 WL 6620085, at *8–9 (S.D. Fla. Dec. 18, 2018); *Great Lakes Transp. Holding LLC v. Yellow Cab Serv. Corp. of Fla.*, No. 10-cv-80241, 2010 WL 5093746, at *6 (S.D. Fla. Dec. 8, 2010). Experian objects to this Request as overbroad because the Request as written seeks all documents relating to Experian's procedures, regardless of whether those procedures relate to Defendant LexisNexis Risk Solutions, Inc., and the material facts in this action. Experian agrees to confer with Plaintiff regarding the scope of this Request. Nonetheless, Experian interprets this Request to be limited to those procedures for removing access or authorization of an email address related to the allegations in this action with respect to Plaintiff and Defendant LexisNexis Risk Solutions, Inc.

Upon entry of an agreeable stipulated protective order to maintain the confidentiality of documents in this action, Experian agrees to produce the responsive portions of the following Participant Guides in effect during the relevant period in this action: (1) Participant Guide: Disputes: Additional Information; and (2) Participant Guide: Security Freeze Procedures.

**REQUEST #25:** All documents relating to procedures to assure compliance with 15 U. S. C. § 1681c-2.

**RESPONSE:** Experian objects to this Request to the extent Plaintiff seeks documents and information beyond the applicable two-year statute of limitations. *See* 15 U.S.C. § 1681p. However, Experian interprets this Request to be limited to the two years prior to the filing of this action on or around April 27, 2023. Additionally, Experian objects to this Request to the extent it seeks documents or communications, if any, between Plaintiff and Experian generated after the filing of this action.

Experian objects to this Request on the grounds of relevance and proportionality to the extent it seeks "all" documents relating to procedures to assure compliance with 15 U.S.C. § 1681c-2 that are not related or relevant to the issues and material facts in this action. *See, e.g.*, *Tuna Family Mgmt v. All Tr. Mgmt. Inc.*, No. 20-cv-14017, 2021 WL 4877692, at *4 (S.D. Fla. Oct. 19, 2021); *In re Bernal*, No. 18-cv-21951, 2018 WL 6620085, at *8–9 (S.D. Fla. Dec. 18, 2018); *Great Lakes Transp. Holding LLC v. Yellow Cab Serv. Corp. of Fla.*, No. 10-cv-80241, 2010 WL 5093746, at *6 (S.D. Fla. Dec. 8, 2010). Experian objects to this Request as overbroad because the Request as written seeks all documents relating to Experian's procedures for blocking information resulting from identity theft, regardless of whether those procedures relate to the material facts in this action. Experian agrees to confer with Plaintiff regarding the scope of this Request.

Nonetheless, Experian interprets this Request to be limited to those blocking procedures related to the allegations in this action.

Upon entry of an agreeable stipulated protective order to maintain the confidentiality of documents in this action, Experian agrees to produce the responsive portions of the Participant Guide: Consumer Fraud Procedures in effect during the relevant period in this action.

**REQUEST #26:** All documents relating to procedures to assure compliance with 15 U. S. C. § 1681i.

**RESPONSE:** Experian objects to this Request to the extent Plaintiff seeks documents and information beyond the applicable two-year statute of limitations. *See* 15 U.S.C. § 1681p. However, Experian interprets this Request to be limited to the two years prior to the filing of this action on or around April 27, 2023. Additionally, Experian objects to this Request to the extent it seeks documents or communications, if any, between Plaintiff and Experian generated after the filing of this action.

Experian objects to this Request on the grounds of relevance and proportionality to the extent it seeks "all" documents relating to procedures to assure compliance with 15 U.S.C. § 1681i that are not related or relevant to the issues and material facts in this action. *See, e.g.*, *Tuna Family Mgmt v. All Tr. Mgmt. Inc.*, No. 20-cv-14017, 2021 WL 4877692, at *4 (S.D. Fla. Oct. 19, 2021); *In re Bernal*, No. 18-cv-21951, 2018 WL 6620085, at *8–9 (S.D. Fla. Dec. 18, 2018); *Great Lakes Transp. Holding LLC v. Yellow Cab Serv. Corp. of Fla.*, No. 10-cv-

80241, 2010 WL 5093746, at *6 (S.D. Fla. Dec. 8, 2010). Experian objects to this Request as overbroad because the Request as written seeks all documents relating to Experian's reinvestigation procedures, regardless of whether those procedures relate to the material facts in this action. Experian agrees to confer with Plaintiff regarding the scope of this Request. Nonetheless, Experian interprets this Request to be limited to those reinvestigation procedures related to the allegations in this action.

Upon entry of an agreeable stipulated protective order to maintain the confidentiality of documents in this action, Experian agrees to produce the responsive portions of the following Participant Guides in effect during the relevant period in this action: (1) 2022 Credit Reporting Resource Guide; (2) Participant Guide: ACDV Procedures; (3) Participant Guide: Consumer CDI Procedures; (4) Participant Guide: Consumer Fraud Procedures; (5) Participant Guide: Disputes: Additional Information; and (6) Participant Guide: Disputes: Trades.

**REQUEST #27:** All documents relating to procedures to assure compliance with 15 U. S. C. § 1681e(b).

**RESPONSE:** Experian objects to this Request because it is duplicative of Requests previously responded to, including Request #20.

Experian objects to this Request to the extent Plaintiff seeks documents and information beyond the applicable two-year statute of limitations. *See* 15 U.S.C. § 1681p. However, Experian interprets this Request to be limited to the two years

39

prior to the filing of this action on or around April 27, 2023. Additionally, Experian objects to this Request to the extent it seeks documents or communications, if any, between Plaintiff and Experian generated after the filing of this action.

Experian objects to this Request on the grounds of relevance and proportionality to the extent it seeks "all" documents relating to procedures to assure compliance with 15 U.S.C. § 1681e(b) that are not related or relevant to the issues and material facts in this action. *See, e.g.*, *Tuna Family Mgmt v. All Tr. Mgmt. Inc.*, No. 20-cv-14017, 2021 WL 4877692, at *4 (S.D. Fla. Oct. 19, 2021); *In re Bernal*, No. 18-cv-21951, 2018 WL 6620085, at *8–9 (S.D. Fla. Dec. 18, 2018); *Great Lakes Transp. Holding LLC v. Yellow Cab Serv. Corp. of Fla.*, No. 10-cv-80241, 2010 WL 5093746, at *6 (S.D. Fla. Dec. 8, 2010). Experian objects to this Request as overbroad because the Request as written seeks all documents relating to Experian's reporting procedures, regardless of whether those procedures relate to the material facts in this action. Experian agrees to confer with Plaintiff regarding the scope of this Request. Nonetheless, Experian interprets this Request to be limited to those reporting procedures related to the allegations in this action.

Upon entry of an agreeable stipulated protective order to maintain the confidentiality of documents in this action, Experian agrees to produce the responsive portions of the following Participant Guides in effect during the relevant period in this action: (1) 2022 Credit Reporting Resource Guide; (2) Participant Guide: ACDV Procedures; (3) Participant Guide: Consumer CDI Procedures; (4) Participant Guide: Consumer Fraud Procedures; (5) Participant

Guide: Disputes: Additional Information; and (6) Participant Guide: Disputes: Trades.

**REQUEST #28:** EXPERIAN INFORMATION SOLUTIONS, INC.'s Participants Guide.

**RESPONSE:** Experian objects to this Request to the extent Plaintiff seeks documents and information beyond the applicable two-year statute of limitations. *See* 15 U.S.C. § 1681p. However, Experian interprets this Request to be limited to the two years prior to the filing of this action on or around April 27, 2023. Additionally, Experian objects to this Request to the extent it seeks documents or communications, if any, between Plaintiff and Experian generated after the filing of this action.

Experian objects to this Request on the grounds that it is vague, ambiguous, and overbroad in its use of the defined phrase "EXPERIAN INFORMATION SOLUTIONS, INC." Experian has thousands of legal relationships to companies, entities, institutions, agencies, subsidiaries, parent corporations, employees, agents, and contractual affiliates. Experian cannot respond for all parties encompassed by Plaintiff's definition of this term. Experian interprets the term "EXPERIAN INFORMATION SOLUTIONS, INC." to only include Defendant Experian Information Solutions, Inc.

Experian objects to the term "Participant Guide" because Experian does not maintain a singular document titled "Participant Guide." Rather, Experian's manuals related to policies and procedures include "Participant Guide" as a prefix

41

to the specific manual's title and is followed by the description of the topic(s) discussed in that manual.

Experian objects to this Request as overbroad because the Request as written seeks all documents relating to Experian's policies and procedures, regardless of whether those policies and procedures relate to the material facts in this action. Experian agrees to confer with Plaintiff regarding the scope of this Request. Nonetheless, Experian interprets this Request to be limited to those policies and procedures related to the allegations in this action.

Upon entry of an agreeable stipulated protective order to maintain the confidentiality of documents in this action, Experian agrees to produce the responsive portions of the following Participant Guides in effect during the relevant period in this action: (1) 2022 Credit Reporting Resource Guide; (2) Participant Guide: ACDV Procedures; (3) Participant Guide: Consumer CDI Procedures; (4) Participant Guide: Consumer Fraud Procedures; (5) Participant Guide: Disputes: Additional Information; and (6) Participant Guide: Disputes: Trades.

**REQUEST #29:** All agreements under which any furnisher or public record vendor reported information or accessed information relating to Plaintiff.

**RESPONSE:** Experian objects to this Request to the extent Plaintiff seeks documents and information beyond the applicable two-year statute of limitations. *See* 15 U.S.C. § 1681p. However, Experian interprets this Request to be limited to the two years prior to the filing of this action on or around April 27, 2023.

Additionally, Experian objects to this Request to the extent it seeks documents or communications, if any, between Plaintiff and Experian generated after the filing of this action.

Experian objects to this Request on the grounds of relevance and proportionality to the extent it seeks "all" agreements under which a furnisher or public record vendor reported or accessed information relating to Plaintiff that are not related or relevant to the issues and material facts in this action. *See, e.g.*, *Tuna Family Mgmt v. All Tr. Mgmt. Inc.*, No. 20-cv-14017, 2021 WL 4877692, at *4 (S.D. Fla. Oct. 19, 2021); *In re Bernal*, No. 18-cv-21951, 2018 WL 6620085, at *8–9 (S.D. Fla. Dec. 18, 2018); *Great Lakes Transp. Holding LLC v. Yellow Cab Serv. Corp. of Fla.*, No. 10-cv-80241, 2010 WL 5093746, at *6 (S.D. Fla. Dec. 8, 2010). Experian objects to this Request as overbroad because the Request as written seeks all agreements between Experian and any furnisher or public record vendor, regardless of whether the agreement is between Experian and Defendant LexisNexis Risk Solutions, Inc. Experian agrees to confer with Plaintiff regarding the scope of this Request. Nonetheless, Experian interprets this Request to be limited to agreement(s), if any, between Experian and Defendant LexisNexis Risk Solutions, Inc.

Experian is currently conducting a reasonable and diligent search of the relevant agreements with Defendant LexisNexis Risk Solutions, Inc., if any. If such responsive agreements are identified, Experian will supplement its production within thirty days of identifying same. However, pursuant to Federal Rule of Civil

Procedure 34(b)(2)(C), Experian states that—based on its relevance and proportionality objections—Experian does not anticipate searching for any and all data from furnishers or public record vendors to have ever provided information to or requested information from Experian with respect to Plaintiff's Experian consumer file.

**REQUEST #30:** All manuals or documents provided to furnishers of credit information, describing their contractual or statutory duties relating to the reinvestigation of inaccurate or incomplete information.

RESPONSE: Experian objects to this Request to the extent Plaintiff seeks documents and information beyond the applicable two-year statute of limitations. *See* 15 U.S.C. § 1681p. However, Experian interprets this Request to be limited to the two years prior to the filing of this action on or around April 27, 2023. Additionally, Experian objects to this Request to the extent it seeks documents or communications, if any, between Plaintiff and Experian generated after the filing of this action.

Experian objects to this Request on the grounds of relevance and proportionality to the extent it seeks "all" manuals or documents provided to furnishers of credit information that are not related or relevant to the issues and material facts in this action. *See, e.g.*, *Tuna Family Mgmt v. All Tr. Mgmt. Inc.*, No. 20-cv-14017, 2021 WL 4877692, at *4 (S.D. Fla. Oct. 19, 2021); *In re Bernal*, No. 18-cv-21951, 2018 WL 6620085, at *8–9 (S.D. Fla. Dec. 18, 2018); *Great Lakes Transp. Holding LLC v. Yellow Cab Serv. Corp. of Fla.*, No. 10-cv-80241, 2010 WL 5093746, at *6 (S.D. Fla. Dec. 8, 2010). Experian objects to this Request as

44

overbroad because the Request as written seeks all manuals and documents provided by Experian to any furnisher or public record vendor, regardless of whether the manual or document were provided to Defendant LexisNexis Risk Solutions, Inc. Experian agrees to confer with Plaintiff regarding the scope of this Request. Nonetheless, Experian interprets this Request to be limited to manual(s) and document(s) related to the allegations in this action that Defendant LexisNexis Risk Solutions, Inc. may have received.

Upon entry of an agreeable stipulated protective order to maintain the confidentiality of documents in this action, Experian also agrees to produce the 2022 Credit Reporting Resource Guide.

**REQUEST #31:** All manuals, tests, video tapes, books or other documents pertaining to the training and supervision of Defendant's employees or agents as to compliance with the Fair Credit Reporting Act, including 15 U.S.C. § 1681i.

**RESPONSE:** Experian objects to this Request to the extent Plaintiff seeks documents and information beyond the applicable two-year statute of limitations. *See* 15 U.S.C. § 1681p. However, Experian interprets this Request to be limited to the two years prior to the filing of this action on or around April 27, 2023. Additionally, Experian objects to this Request to the extent it seeks documents or communications, if any, between Plaintiff and Experian generated after the filing of this action.

Experian objects to this Request on the grounds of relevance and proportionality to the extent it seeks "all" manuals, tests, video tapes, books, or other documents pertaining to training and supervision of Defendant's employees

and agents that are not related or relevant to the issues and material facts in this action. *See, e.g.*, *Tuna Family Mgmt v. All Tr. Mgmt. Inc.*, No. 20-cv-14017, 2021 WL 4877692, at *4 (S.D. Fla. Oct. 19, 2021); *In re Bernal*, No. 18-cv-21951, 2018 WL 6620085, at *8–9 (S.D. Fla. Dec. 18, 2018); *Great Lakes Transp. Holding LLC v. Yellow Cab Serv. Corp. of Fla.*, No. 10-cv-80241, 2010 WL 5093746, at *6 (S.D. Fla. Dec. 8, 2010). Experian objects to this Request as overbroad because the Request as written seeks all documents relating to Experian's training of employees and agents, regardless of whether those documents relate to the material facts in this case. Experian agrees to confer with Plaintiff regarding the scope of this Request. Nonetheless, Experian interprets this Request to be limited to those documents related to the allegations in this action.

Upon entry of an agreeable stipulated protective order to maintain the confidentiality of documents in this action, Experian agrees to produce the responsive portions of the following Participant Guides in effect during the relevant period in this action: (1) 2022 Credit Reporting Resource Guide; (2) Participant Guide: ACDV Procedures; (3) Participant Guide: Consumer CDI Procedures; (4) Participant Guide: Consumer Fraud Procedures; (5) Participant Guide: Disputes: Additional Information; and (6) Participant Guide: Disputes: Trades.

**REQUEST #32:** All budgets or projections prepared within the preceding five years, allocating resources or expenditures to the conducting of reinvestigation under 15 U.S.C. § 1681i.

**RESPONSE:** Experian objects to this Request to the extent Plaintiff seeks documents and information beyond the applicable two-year statute of limitations. *See* 15 U.S.C. § 1681p. However, Experian interprets this Request to be limited to the two years prior to the filing of this action on or around April 27, 2023. Additionally, Experian objects to this Request to the extent it seeks documents or communications, if any, between Plaintiff and Experian generated after the filing of this action.

Experian objects to this Request on the grounds of relevance and proportionality to the extent it seeks "all" budgets or projections that are not related or relevant to the issues and material facts in this action. *See, e.g.*, *Tuna Family Mgmt v. All Tr. Mgmt. Inc.*, No. 20-cv-14017, 2021 WL 4877692, at *4 (S.D. Fla. Oct. 19, 2021); *In re Bernal*, No. 18-cv-21951, 2018 WL 6620085, at *8– 9 (S.D. Fla. Dec. 18, 2018); *Great Lakes Transp. Holding LLC v. Yellow Cab Serv. Corp. of Fla.*, No. 10-cv-80241, 2010 WL 5093746, at *6 (S.D. Fla. Dec. 8, 2010). Experian further objects to this Request as overbroad because the Request as written seeks all budgets and projections relating to Experian's reinvestigation functions, regardless of whether those budgets and projections relate to the material facts in this case. Experian agrees to confer with Plaintiff regarding the scope of this Request. Nonetheless, Experian interprets this Request to be limited to those budgets and projections related to the allegations in this action.

Experian objects to this Request because it seeks information that is not relevant to either party's claims or defenses and is not proportional to the needs of the case. Specifically, the information requested cannot assist Plaintiff in proving her claims, and whatever negligible use Plaintiff may envision for these documents, if any, does not justify the time that would be spent or the cost that would be incurred in identifying, redacting, and producing documents in response to this Request in light of the needs of this case. Experian further objects that this Request seeks highly confidential financial information relating to Experian's cost structure, which would be extremely valuable to Experian's competitors.

Experian states that it does not maintain an analysis of the cost for the reinvestigation of each consumer dispute. Experian conducts reinvestigations at its My Customer Experience ("MCE") located in Allen, Texas. The MCE located in Allen, Texas, employs individuals who, among other things, process consumer disputes. Also, Experian's Santa Ana dispute center employs individuals who, among other things, process consumer disputes. In addition, Experian Services Chile, S.A. conducts reinvestigations at its MCE located in Santiago, Chile, and Experian Services Costa Rica, S.A. conducts reinvestigations at its MCE in Heredia, Costa Rica. Experian also employs a number of additional employees who perform other services in support of the reinvestigation process. In addition to the services of Experian employees or associates who conduct reinvestigations, the other portions of Experian's operations involved in reinvestigations include: (i) employees who provide support to the reinvestigation process, including but not

limited to administrative functions and mail room functions, managerial/supervisory, research and development, and maintenance services; (ii) computer software research and development; (iii) avenues of communication with consumers about disputes, including but not limited to "800" number operation, and website operation; (iv) paper CDVs; (v) the E-OSCAR system and the ACDV dispute process, including internet service; (vi) telephone disputes; (vii) computers, phones, and other communications hardware; (viii) printing services and paper costs for consumer disclosures and other dispute-related correspondence to consumers; (ix) electronic and paper storage of documents; and (x) maintenance and upgrade of Experian's physical infrastructure, including but not limited to networking, communications, and computers. Furthermore, Experian's reinvestigations involving consumers either in litigation or conducting disputes through attorneys may include additional employees or the services of other persons, such as outside counsel. Based on its objections, Experian does not agree to produce documents or information in response to this Request.

Pursuant to Federal Rule of Civil Procedure 34(b)(2)(C), Experian states that—based on its relevance and proportionality objections—Experian does not expect to produce documents in response to this Request.

**REQUEST #33:** All studies and reports on the accuracy of information in EXPERIAN INFORMATION SOLUTIONS, INC.'s consumer reports or consumer reports generally.

**RESPONSE:** Experian objects to this Request to the extent Plaintiff seeks documents and information beyond the applicable two-year statute of limitations.

*See* 15 U.S.C. § 1681p. However, Experian interprets this Request to be limited to the two years prior to the filing of this action on or around April 27, 2023. Additionally, Experian objects to this Request to the extent it seeks documents or communications, if any, between Plaintiff and Experian generated after the filing of this action.

Experian objects to this Request on the grounds that it is vague, ambiguous, and overbroad in its use of the defined phrase "EXPERIAN INFORMATION SOLUTIONS, INC." Experian has thousands of legal relationships to companies, entities, institutions, agencies, subsidiaries, parent corporations, employees, agents, and contractual affiliates. Experian cannot respond for all parties encompassed by Plaintiff's definition of this term. Experian interprets the term "EXPERIAN INFORMATION SOLUTIONS, INC." to only include Defendant Experian Information Solutions, Inc.

Experian objects to this Request on the grounds of relevance and proportionality to the extent it seeks "all" studies and reports that are not related or relevant to the issues and material facts in this action. *See, e.g.*, *Tuna Family Mgmt v. All Tr. Mgmt. Inc.*, No. 20-cv-14017, 2021 WL 4877692, at *4 (S.D. Fla. Oct. 19, 2021); *In re Bernal*, No. 18-cv-21951, 2018 WL 6620085, at *8–9 (S.D. Fla. Dec. 18, 2018); *Great Lakes Transp. Holding LLC v. Yellow Cab Serv. Corp. of Fla.*, No. 10-cv-80241, 2010 WL 5093746, at *6 (S.D. Fla. Dec. 8, 2010). Experian objects to this Request because it fails to describe the terms "studies" or "reports" with reasonable particularity, such that Experian cannot discern its

relevance to the claims or defenses in this action. Experian agrees to confer with Plaintiff regarding the scope of this Request.

Experian objects to this Request because it seeks information that is not relevant to either party's claims or defenses and is not proportional to the needs of the case. Specifically, the information requested cannot assist Plaintiff in proving her claims, and whatever negligible use Plaintiff may envision for these documents, if any, does not justify the time that would be spent or the cost that would be incurred in identifying, redacting, and producing documents in response to this Request in light of the needs of this case. This action involves Defendant LexisNexis Risk Solutions, Inc., a private entity, and an alleged identity theft. Experian further objects that this Request seeks highly confidential financial information relating to Experian's cost structure, which would be extremely valuable to Experian's competitors. Finally, Experian further objects to this Request to the extent it seeks documents and information that Experian does not possess or maintain.

Pursuant to Federal Rule of Civil Procedure 34(b)(2)(C), Experian states that—based on its relevance and proportionality objections—Experian does not expect to produce documents in response to this Request.

**REQUEST #34:** All documents relating to Your policies and procedures for blocking access to a consumer's credit file by a perpetrator of identity theft after that consumer advises that they are the victim of identity theft.

**RESPONSE:** Experian objects to this Request to the extent Plaintiff seeks documents and information beyond the applicable two-year statute of limitations.

*See* 15 U.S.C. § 1681p. However, Experian interprets this Request to be limited to the two years prior to the filing of this action on or around April 27, 2023. Additionally, Experian objects to this Request to the extent it seeks documents or communications, if any, between Plaintiff and Experian generated after the filing of this action.

Experian objects to this Request on the grounds of relevance and proportionality to the extent it seeks "all" documents relating to Experian's policies and procedures for blocking access to a consumer's credit file by a perpetrator of identity theft that are not related or relevant to the issues and material facts in this action. *See, e.g.*, *Tuna Family Mgmt v. All Tr. Mgmt. Inc.*, No. 20-cv-14017, 2021 WL 4877692, at *4 (S.D. Fla. Oct. 19, 2021); *In re Bernal*, No. 18-cv-21951, 2018 WL 6620085, at *8–9 (S.D. Fla. Dec. 18, 2018); *Great Lakes Transp. Holding LLC v. Yellow Cab Serv. Corp. of Fla.*, No. 10-cv-80241, 2010 WL 5093746, at *6 (S.D. Fla. Dec. 8, 2010). Experian objects to this Request as overbroad because the Request as written seeks all documents relating to Experian's procedures for blocking access to a consumer file affected by identity theft, regardless of whether those procedures relate to the material facts in this action. Experian agrees to confer with Plaintiff regarding the scope of this Request. Nonetheless, Experian interprets this Request to be limited to those blocking procedures related to the allegations in this action.

Upon entry of an agreeable stipulated protective order to maintain the confidentiality of documents in this action, Experian agrees to produce the

responsive portions of the following Participant Guides in effect during the relevant period in this action: (1) Participant Guide: ACDV Procedures; (2) Participant Guide: Consumer CDI Procedures; (3) Participant Guide: Consumer Fraud Procedures; (5) Participant Guide: Disputes: Additional Information; and (6) Participant Guide: Security Freeze Procedures.

Dated: September 11, 2023                      Respectfully submitted,

/s/ Jean Phillip Shami
Jean Phillip Shami
Florida Bar No. 1010126
JONES DAY
600 Brickell Avenue, Suite 3300
Miami, FL 33131
Tel.: (305) 714-9706
Fax: (305) 714-9799

*Attorney for Defendant*
*Experian Information Solutions,*
*Inc.*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on September 11, 2023, I electronically served a true and correct copy of the foregoing document upon all counsel of record in this matter via e-mail.

### **Service List**

Kevin Rajabalee, Esq.
Florida Bar No.: 119948
Eiman Sharmin, Esq.
Florida Bar No.: 716391
SHARMIN & SHARMIN, P.A.
6245 N. Federal Hwy.
Suite 301
Fort Lauderdale, Florida 33308
Telephone: (561) 655-3925
Facsimile: (561) 202-9041
E-Mail:
kevin@sharminlaw.com
eiman@sharminlaw.com

*Attorney for Plaintiff*
*Amanda L. Hair*

Eric S. Adams. Esq.
Florida Bar No.: 90476
S. Elizabeth King, Esq.
Florida Bar No.: 122031
SHUTTS & BOWEN, LLP
4301 W. Boy Scout Blvd.
Suite 300
Tampa, Florida 33607-5716
Telephone: (813) 229-8900
Facsimile: (813) 229-8901
E-Mail:
eadams@shutts.com
eking@shutts.com

*Attorney for Defendant*
*LexisNexis Risk Solutions, Inc.*


*/s/ Jean Phillip Shami*
Jean Phillip Shami

*Attorney for Defendant*
*Experian Information Solutions,*
*Inc.*